| STATE OF NORTH CAROLINA |  File No. |
|---|---|
| WAKE County | In The General Court of Justice<br>District  X Superior Court Division |

Name of Plaintiff
Judith Kohlbach Fulton, as Administratrix of the Estate
Address
of Gregory Frederick Kohlbach, et al.
City, State, Zip

# CIVIL SUMMONS

ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

VERSUS

Name of Defendant(s)
Madeline A. Harrison, Science Applications International
Corporation, and The Vanguard Group, Inc.

Date Original Summons Issued

Date(s) Subsequent Summon(es) Issued

## To Each Of The Defendant(s) Named Below:

Name And Address of Defendant 1
Science Applications International Corporation
c/o C T Corporation System, Registered Agent
225 Hillsborough Street
Raleigh, NC 27603

Name And Address of Defendant 2

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)
Carlos E. Mahoney
Glenn, Mills & Fisher, PA
P.O. Drawer 3865
Durham, NC 27702

Date Issued: 07/6/06    Time 12   PM
Signature
   Deputy CSC    Assistant CSC    Clerk of Superior Court

ENDORSEMENT
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date of Endorsement    Time
                         AM  PM
Signature
   Deputy CSC    Assistant CSC    Clerk of Superior Court

**NOTE TO PARTIES:** Many Counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts    (Over)

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| WAKE COUNTY | FILE NO: _____ |

```
JUDITH KOHLBACH FULTON,            )
as Administratrix of the Estate of )
Gregory Frederick Kohlbach, and    )
GARY A. KOHLBACH,                  )
                                   )
          Plaintiffs,              )
                                   )           COMPLAINT
     vs.                           )        (Jury Trial Demanded)
                                   )
MADELINE A. HARRISON,              )
SCIENCE APPLICATIONS               )
INTERNATIONAL CORPORATION,         )
and THE VANGUARD GROUP, INC.,      )
                                   )
          Defendants.              )
```

NOW COME Plaintiffs, complaining of Defendants, and allege and say as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Judith Kohlbach Fulton is a citizen and resident of San Bernardino County, California.

2. Plaintiff Judith Kohlbach Fulton is the Administratrix of the Estate of Gregory (also known as "Gregor") Frederick Kohlbach (hereinafter referred to as "Decedent") having been duly appointed by the Clerk of Superior Court of Durham County, North Carolina in file number 2005-E-1104.

3. Plaintiff Gary A. Kohlbach is a citizen and resident of Broward County, Florida.

4. Plaintiff Judith Kohlbach Fulton is the Decedent's mother and Plaintiff Gary A. Kohlbach is the Decedent's brother.

5.  Defendant Madeline Harrison (hereinafter referred to as "Defendant Harrison") is a citizen and resident of Henderson County, North Carolina.

6.  Defendant Harrison is the Decedent's ex-wife.

7.  Defendant Harrison married Decedent on March 6, 1992, separated from him on November 7, 1999, and divorced him on September 25, 2000.

8.  Defendant Science Applications International Corporation (hereinafter referred to as "Defendant SAIC") is a Delaware corporation which is duly licensed to conduct business in the State of North Carolina.

9.  Defendant SAIC maintains a registered office in Wake County, North Carolina.

10. Defendant SAIC maintains a place of business in Wake County, North Carolina.

11. Defendant The Vanguard Group, Inc. (hereinafter referred to as "Defendant Vanguard") is a Pennsylvania corporation which is duly licensed to conduct business in the State of North Carolina.

12. Defendant Vanguard maintains a registered office in Mecklenburg County, North Carolina.

13. On July 21, 2005, Decedent died intestate in Durham County, North Carolina without a wife or any children.

14. At the time of his death, the Decedent had two retirement accounts with Defendant SAIC: (1) a 401(k) Profit Sharing Plan, bearing plan number 090518 (hereinafter referred to as "Decedent's 401(k) retirement account") and (2) an Employee Stock Retirement Plan, bearing plan number 092518 (hereinafter referred to as "Decedent's ESRP retirement account").

15. At the time of his death, Decedent's 401(k) retirement account had a balance of approximately $23,207.54 and Decedent's ESRP retirement account had a balance of approximately $76,010.66.

16. At all times relevant to this Complaint, Decedent's 401(k) and ESRP retirement accounts (hereinafter collectively referred to as "retirement accounts") were administered by Defendant SAIC.

17. At all times relevant to this Complaint, the funds in Decedent's retirement accounts were held by Defendant Vanguard as trustee.

## FACTUAL ALLEGATIONS

18. The allegations set forth in the preceding paragraphs are incorporated herein by reference.

19. On or about December 7, 1992, Decedent was hired by Defendant SAIC to work as a systems analyst in SAIC's Durham, North Carolina office.

20. On December 8, 1992, Defendant SAIC presented Decedent with a Beneficiary Designation Form in order for him to designate a beneficiary for the following SAIC retirement plans: SAIC Profit Sharing Retirement Plan, SAIC Employee Stock Ownership Plan (ESOP), SAIC Cash or Deferred Arrangement (CODA), the Technology Services Corporation Profit Sharing Retirement Plan, and the Comsystems Profit Sharing Retirement Plan.

21. At said time, Decedent designated his then-spouse, Defendant Harrison, as the primary beneficiary and his brother, Plaintiff Gary A. Kohlbach, as the contingent beneficiary for the retirement plans listed in the preceding paragraphs.

3

22. This Beneficiary Designation Form did not apply to the SAIC Stock Bonus Retirement Plan which was the predecessor to the SAIC Employee Stock Retirement Plan.

23. Plaintiffs are informed and believe that Decedent never executed a Beneficiary Designation Form for his ESRP retirement account.

24. Before the year 2000, Decedent established and made contributions to his SAIC 401(k) retirement account (formerly the CODA and the Profit Sharing Retirement Plans) and to his ESRP retirement account.

25. On or about February 2, 2000, Decedent took a leave of absence from Defendant SAIC and, upon information and belief, never worked for SAIC again.

26. On September 25, 2000, the marriage of Decedent and Defendant Harrison was dissolved by a Stipulated Judgment of Dissolution of Marriage in the Marion County Circuit Court of the State of Oregon (hereinafter referred to as the "Divorce Judgment"). A true and accurate copy of the Divorce Judgment is attached hereto as Exhibit #1.

27. Pursuant to the Divorce Judgment, Decedent was awarded his SAIC retirement accounts free and clear of any claims of Defendant Harrison.

28. Defendant Harrison waived and forfeited all interest that she had in Decedent's retirement accounts under the terms of the Divorce Judgment.

29. The Divorce Judgment also ordered each party to execute, acknowledge and deliver all documents and instruments necessary to complete the transfer of any property as ordered in the Judgment and stated that "[i]f any party fails to comply with this provision, this Judgment shall operate to convey title to the party to whom such property is awarded."

4

30.     Defendant Harrison conveyed to Decedent all interest that she had in his retirement accounts under the terms of the Divorce Judgment.

31.     Plaintiffs are informed and believe that Decedent communicated the terms of the Divorce Judgment to Defendant SAIC and/or Defendant Vanguard and revoked the December 8, 1992 Beneficiary Designation Form.

32.     Following the entry of the Divorce Judgment, Decedent did not execute any beneficiary designation forms which named Defendant Harrison as a primary or contingent beneficiary to his retirement accounts.

33.     Following the entry of the Divorce Judgment, Decedent received quarterly and annual account statements from Defendants SAIC and Vanguard for his retirement accounts.

34.     These account statements included a section titled "Beneficiaries" so that an account-holder, like Decedent, could determine whether he or she had a beneficiary designation on file with Defendants SAIC and Vanguard.

35.     At all times after the entry of the Divorce Judgment, the SAIC and Vanguard account statements for Defendant's 401(k) retirement account stated that Decedent had "No Beneficiary On File."

36.     At all times after the entry of the Divorce Judgment, the SAIC and Vanguard account statements for Defendant's ESRP retirement account stated that Decedent had "No Beneficiary On File."

37.     Under the terms of Decedent's retirement accounts, Decedent's Estate would be the beneficiary of any account which did not have a valid beneficiary designation in effect at the time of his death.

38. Neither Defendant SAIC nor Defendant Vanguard informed Decedent before his death that the account statements which indicated that he had "No Beneficiary On File" were incorrect.

39. If Decedent did have a beneficiary on file for either or both of his retirement accounts, then the SAIC and Vanguard account statements were false and misleading, and Decedent reasonably relied upon these misrepresentations to his detriment.

40. Following Decedent's death on July 21, 2005, Defendant SAIC informed Plaintiffs that it considered Defendant Harrison to be the beneficiary of Decedent's retirement accounts.

41. On or about February 1, 2006, Plaintiffs presented Defendant SAIC with a copy of the Divorce Judgment and informed said Defendant that they disagreed with its determination that Defendant Harrison is the beneficiary of Decedent's retirement accounts.

42. Defendant SAIC has refused to change its determination that Defendant Harrison is the beneficiary of Decedent's retirement accounts.

43. On or about February 21, 2006, Plaintiffs asked Defendant Harrison to renounce her interest in Decedent's retirement accounts by executing a renunciation of benefits under G.S. §31-B-1, *et seq.*

44. Defendant Harrison has refused to renounce her interest in either of Decedent's retirement accounts.

45. By refusing to renounce her interest in Decedent's retirement accounts, Defendant Harrison has breached the terms of the Divorce Judgment.

6

46. An actual and justiciable controversy exists between the parties as to who is the beneficiary of Decedent's retirement accounts.

47. All persons who have any interest in Decedent's retirement accounts have been joined as parties hereto.

48. Plaintiffs are informed and believe that the funds in Decedent's retirement accounts have been placed on hold by Defendant SAIC and that Defendant Vanguard will continue to hold these funds in trust pending resolution of this civil action.

### FIRST CLAIM FOR RELIEF:
### DECLARATORY ACTION TO DETERMINE
### THE BENEFICIARY OF DECEDENT'S
### RETIREMENT ACCOUNTS

49. The allegations set forth in the preceding paragraphs are incorporated herein by reference.

50. Decedent's Estate is the beneficiary of Decedent's 401(k) retirement account and ESRP retirement account for one or more of the following reasons:

   a. At the time of his death, Decedent had properly revoked all prior beneficiary designations such that his Estate is the beneficiary of each retirement account;

   b. Decedent never designated a beneficiary for his ESRP retirement account and his Estate is therefore deemed the beneficiary under said account;

   c. Defendants SAIC and/or Vanguard are barred from denying that Decedent's Estate is the beneficiary of his retirement accounts under the doctrine of equitable estoppel;

   d. Defendant Harrison has waived and forfeited all interest in Decedent's retirement accounts under the terms of the Divorce Judgment.

7

51. In the alternative, Plaintiff Gary A. Kohlbach is the beneficiary of Decedent's retirement accounts because Defendant Harrison waived and forfeited all interest in each account under the terms of the Divorce Judgment.

52. Plaintiffs request that the Court declare the beneficiary of each of Decedent's retirements accounts and enter a judgment in accordance with G.S. §1-253, *et seq.*

## SECOND CLAIM FOR RELIEF:
## BREACH OF CONTRACT

53. The allegations set forth in the preceding paragraphs are incorporated herein by reference.

54. On September 25, 2000, Decedent and Defendant Harrison entered into a valid and binding contract as described in the Divorce Judgment.

55. Under the terms of the Divorce Judgment, Decedent was awarded complete ownership of his retirement accounts free and clear of any claims of Defendant Harrison.

56. Under the terms of the Divorce Judgment, Defendant Harrison was ordered to execute any and all documents necessary to release her interest in Decedent's retirement accounts.

57. On or about March 16, 2006, Defendant Harrison breached the terms of the Divorce Judgment by refusing to renounce her interest in Decedent's retirement accounts.

58. Plaintiff Judith Kohlbach Fulton, in her capacity as Administratrix of Decedent's Estate, seeks specific performance of the Divorce Judgment by the entry of an order which requires Defendant Harrison to renounce her interest in Decedent's retirement accounts.

8

59. In the event that specific performance is not possible, Plaintiff seeks direct, consequential, and incidental damages from Defendant Harrison in an amount which exceeds $10,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. That the Court enter a judgment declaring that Plaintiff Judith Kohlbach Fulton, as Administratrix of the Estate of Gregory Frederick Kohlbach, is the beneficiary of Decedent's retirement accounts;

2. That, in the alternative, the Court enter a judgment declaring that Plaintiff Gary A. Kohlbach is the beneficiary of Decedent's retirement accounts;

3. That the Court enter a judgment ordering Defendant Harrison to specifically perform the terms of the Divorce Judgment by renouncing her interest in Decedent's retirement accounts;

4. That, in the alternative, the Court enter a judgment awarding Plaintiff Judith Kohlbach Fulton, as Administratrix of the Estate of Gregory Frederick Kohlbach, compensatory damages from Defendant Harrison in an amount which exceeds $10,000;

5. That Plaintiffs have and recover from Defendants their costs of court and pre-judgment interest, as allowed by law;

6. That all issues of fact be tried by a jury; and

7. For such other and further relief as may be deemed just and proper.

9

Case 5:06-cv-00311-FL    Document 1-5    Filed 08/07/06    Page 10 of 16

This the 5th day of July, 2006.

                                            */s/ Carlos E. Mahoney*
                                            Carlos E. Mahoney
                                            Glenn, Mills & Fisher, P.A.
                                            P.O. Drawer 3865
                                            Durham, North Carolina 27702-3865
                                            (919) 683-2135
                                            Counsel for Plaintiffs

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

In re the Marriage of

MADELEINE A. HARRISON,

    Petitioner,

and

GREGOR F. KOHLBACH,

    Respondent

Case No. 00C 33142

STIPULATED JUDGMENT OF DISSOLUTION OF MARRIAGE

THIS MATTER coming before the court upon the stipulation of the parties, as evidenced by their signatures affixed to this judgment of dissolution of marriage; and

The court having considered the petition for dissolution of marriage and the records herein; and the parties having stipulated to the entry of the judgment by signing the last page hereof as allowed by ORCP 67 F; and the court having reviewed the terms of this stipulated judgment of dissolution of marriage which settles and disposes of all the issues involved in this case. The court approves said settlement and finds it is a fair and equitable resolution of the issues; now, therefore,

The Court hereby makes the following finding of fact:

1. No other domestic relations suits or petitions for support pursuant to ORS 108.110 involving the parties' marriage is pending in any other court of this or any other state.

2. This Court has jurisdiction over the Petitioner and Respondent.



EXHIBIT 1

Stipulated Judgment of Dissolution of Marriage - 1

Howard W. Collins & Associates
Attorneys at Law
Salem, Oregon 97302
(503) 399-9779

3. For a period of six months immediately prior to the filing of the petition to dissolve the marriage herein, the Petitioner continuously was and now is a resident and inhabitant of the county of Marion, State of Oregon.

4. The Petitioner's address is 3337 Ratcliff Lane SE, Salem, Oregon 97302; her social security number is                   her date of birth is

5. The Respondent's address is 4002 Old Chapel Hill Road, Durham, North Carolina; his social security number is              his date of birth is .

6  The Petitioner is currently self-employed.

7  The Respondent is currently unemployed.

8. The Petitioner and Respondent were married in Port St. Lucie, Florida on March 6, 1992.

9  The Petitioner and Respondent have been separated since November 7, 1999.

10. There exists between the Petitioner and Respondent irreconcilable differences which have caused the irremediable breakdown of their marriage.

11. The Petitioner is not now pregnant.

12. There are no children of this marriage.

13. The parties have warranted to each other and to this court that there has been an accurate, complete and current disclosure of all our income, assets, debts and liabilities. The parties acknowledge to each other and to this court that there are no representatives or promises of any kind which have been made to either of them as an inducement to enter into the agreement represented by the judgment other than those expressly set forth in the judgment.

Stipulated Judgment of Dissolution of Marriage - 2

Howard W. Collins & Associates
*Attorneys at Law*
1415 Commercial Street, SE
Salem, Oregon 97302
(503) 399-9778

Case 5:06-cv-00311-FL   Document 1-5   Filed 08/07/06   Page 13 of 16

14. The disposition of the parties' property herein, whether or not equal, is just and proper in all the circumstances.

15. The marriage of the parties should be dissolved and both Petitioner and Respondent should be granted the relief as outlined in this judgment.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that

1. **EFFECTIVE DATE:** The marriage of the parties is dissolved and the provisions of this Judgment are effective immediately upon the execution and entry of this Judgment.

2. **SPOUSAL SUPPORT:** Neither party is awarded a judgment against the other as and for spousal support.

3. **PROPERTY DIVISION:**

   3.1 **Personal Property**

   3.1.1 <u>Petitioner's Property</u>. Petitioner is awarded the personal property now in her possession, including the following, subject to any encumbrance thereon, free and clear of any claim of Respondent.
   - a. her Fidelity account;
   - b. her IRA account;
   - c. her trading account with Olsen Payne; and
   - d. her Stay-Healthy, Inc. stock certificates.

   3.1.2 <u>Respondent's Property</u>. Respondent is awarded the personal property now in his possession, including the following, subject to any encumbrance thereon, free and clear of any claim of Petitioner.
   - a. his 1988 Toyota;
   - b. his Fidelity account;
   - c. his SAIC stock retirement account; and
   - d. his Stay-Healthy, Inc. stock certificates.

Stipulated Judgment of Dissolution of Marriage - 3

Howard W. Collins & Associates
Attorneys at Law
1415 Commercial Street, SE
Salem, Oregon 97302
(503) 399-9778

Case 5:06-cv-00311-FL   Document 1-5   Filed 08/07/06   Page 14 of 16

3.2   Real Property

3.2.1   Respondent is awarded the real property located at 4002 Old Chapel Hill Road, Durham, North Carolina, subject to any encumbrance, taxes and/or liens thereon, free and clear of any claim of Respondent. The legal description of the residence is as follows:

> Lots 1, 2, and 3 of the John K. Roberson Property, as per Plat and Survey thereof now on file in the Durham County Registry in Plat Book 17 at Page 95, to which plat reference is hereby made for a more particular description.

3.2.2   Respondent shall hold the Petitioner harmless from any debt, encumbrance, taxes and/or liens of said property, and shall indemnify Petitioner from any liability or costs arising therefrom.

4   **DEBT ALLOCATION**

4.1   <u>Petitioner's Debts.</u>  Petitioner shall pay, satisfy and discharge and otherwise defend, indemnify and hold the Respondent harmless from her 1997, 1998 and/or 1999 State and Federal taxes. Petitioner shall be responsible for, and hold the Respondent harmless from any debts incurred since the date of separation, November 7, 1999. *NP*

4.2   <u>Respondent's Debts.</u>  Respondent shall pay, satisfy and discharge and otherwise defend, indemnify and hold the Petitioner harmless from his 1997, 1998 and/or 1999 State and Federal taxes. Respondent shall be responsible for, and hold the Petitioner harmless from any debts incurred since the date of separation, November 9, 1999.

5.   **ATTORNEY FEES AND COSTS:**  Neither party is awarded any judgment against the other as and for contribution for attorney fees and costs.

Stipulated Judgment of Dissolution of Marriage - 4

Howard W. Collins & Associates
Attorneys at Law
1415 Commercial Street, SE
Salem, Oregon 97302
(503) 399-9778

Case 5:06-cv-00311-FL   Document 1-5   Filed 08/07/06   Page 15 of 16

6. **EXECUTION OF DOCUMENTS:** Each party shall, within 30 days of the date of this judgment, execute, acknowledge and deliver any and all documents and instruments necessary to complete the transfer of any property as ordered in this Judgment and Decree Dissolving the Marriage. If any party fails to comply with this provision, this Judgment shall operate to convey title to the party to whom such property is awarded.

DATED this 25th day of September, 2000.

/S/ Burton
CIRCUIT COURT JUDGE

IT IS SO STIPULATED AND AGREED:

MADELINE A. HARRISON
Petitioner

GREGOR F. KOLBACH
Respondent

Prepared by:
Howard W. Collins, OSB #81190
1415 Commercial Street SE
Salem, Oregon 97302
Telephone: (503) 399-9778

Stipulated Judgment of Dissolution of Marriage - 5

Howard W. Collins & Associates
Attorneys at Law
1415 Commercial Street SE
Salem, Oregon 97302
(503) 399-9778

Case 5:06-cv-00311-FL    Document 1-5    Filed 08/07/06    Page 16 of 16