**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION**

**Case No. 5:06-cv-00311-FL**

| | | |
|---|---|---|
| **JUDITH KOHLBACH FULTON,** | ) | |
| **as Administratrix of the Estate of** | ) | |
| **Gregory Frederick Kohlbach, and** | ) | |
| **GARY A. KOHLBACH,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **AMENDED COMPLAINT** |
| **vs.** | ) | |
| | ) | |
| **MADELINE A. HARRISON,** | ) | |
| **SCIENCE APPLICATIONS** | ) | |
| **INTERNATIONAL CORPORATION,** | ) | |
| **THE VANGUARD GROUP, INC., and** | ) | |
| **VANGUARD FIDUCIARY TRUST** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

NOW COME Plaintiffs, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

complaining of Defendants, and allege and say as follows:

## INTRODUCTORY STATEMENT

1.      Plaintiffs are the beneficiaries of two individual retirement plan accounts held by

the late Gregory (also known as "Gregor") Frederick Kohlbach (hereinafter referred to as the

"Decedent").

2.      Upon information and belief, Decedent's two individual retirement plan accounts

are subject to the provisions of the Employee Retirement Income Security Act of 1974, 29

U.S.C. §1001, *et seq.* ("ERISA").

3.      This is an action, pursuant to 29 U.S.C. §1132(a)(1)(B), to recover benefits owed

to Plaintiffs under the plan documents and a divorce judgment/qualified domestic relations order.

4.     This is an action, pursuant to 29 U.S.C. §1132(a)(3)(B), by Plaintiff Judith

Kohlbach Fulton, in her capacity as Administratrix of Decedent's Estate, to obtain other

appropriate equitable relief as a result of the plan administrator's and/or plan trustee's breach of

fiduciary duty.

5.     This is also an action by Plaintiffs for declaratory and injunctive relief under the

Federal common law claim of waiver, as recognized by *Estate of Altobelli v. International

Business Machines Corp., 77 F.3d 78 (4th Cir. 1996).*

## JURISDICTION AND VENUE

6.     Plaintiffs' case arises under the laws of the United States, specifically, 29 U.S.C.

§1132(a)(1)(B), 29 U.S.C. §1132(a)(3)(B), and the Federal common law of ERISA.

7.     This Court has jurisdiction over Plaintiffs' claims under 29 U.S.C. §1132(e) and

28 U.S.C. §1331.

8.     Plaintiffs' lawsuit is authorized by 29 U.S.C. §1132(a)(1)(B), 29 U.S.C.

§1132(a)(3)(B), and 28 U.S.C. §2201.

9.     Defendant Science Applications International Corporation (hereinafter referred to

as "Defendant SAIC") maintains a registered office and place of business in Wake County,

North Carolina.

10.    Under 29 U.S.C. §1132(e) and 28 U.S.C. §1391(c), venue is proper in the United

States District Court for the Eastern District of North Carolina because Defendant SAIC resides

in this District.

## PARTIES

11. Plaintiff Judith Kohlbach Fulton (hereinafter referred to as "Plaintiff Fulton") is a citizen and resident of San Bernardino County, California.

12. Plaintiff Fulton is the mother of the Decedent.

13. Plaintiff Fulton is the Administratrix of Decedent's Estate, having been duly appointed by the Clerk of Superior Court of Durham County, North Carolina in file number 2005-E-1104.

14. Plaintiff Fulton is appearing in this action in her capacity as Administratrix of Decedent's Estate.

15. Plaintiff Gary A. Kohlbach (hereinafter referred to as "Plaintiff Kohlbach") is a citizen and resident of Broward County, Florida.

16. Plaintiff Kohlbach is the Decedent's brother.

17. Defendant Madeline Harrison (hereinafter referred to as "Defendant Harrison") is a citizen and resident of Henderson County, North Carolina.

18. Defendant Harrison is the Decedent's ex-wife.

19. Defendant Harrison married Decedent on March 6, 1992, separated from him on November 7, 1999, and divorced him on September 25, 2000.

20. Defendant SAIC is a Delaware corporation which is duly licensed to conduct business in the State of North Carolina.

21. Defendant SAIC maintains a registered office and place of business in Wake County, North Carolina.

3

22.     At all times relevant to this action, Defendant SAIC was an employer, within the meaning of 29 U.S.C. §1002(5), and was engaged in interstate commerce.

23.     Upon information and belief, at all times relevant to this action, the Science Applications International Corporation 401(k) Profit Sharing Plan, bearing plan number 090518, (hereinafter referred to as the "401(k) Plan") and the Science Applications International Corporation Employee Stock Retirement Plan, bearing plan number 092518, (hereinafter referred to as the "ESRP Plan") were employee benefit plans, within the meaning of 29 U.S.C. §1002(3), and subject to the provisions of ERISA.

24.     At all times relevant to this action, Defendant SAIC maintained the 401(k) Plan and ESRP Plan (hereinafter collectively referred to as the "Plans") and was the plan sponsor and plan administrator for the Plans.

25.     At all times relevant to this action, Defendant SAIC was a fiduciary, within the meaning of 29 U.S.C. §1002(21), to the participants and beneficiaries of the Plans.

26.     Defendant The Vanguard Group, Inc. (hereinafter referred to as "Defendant Vanguard") is a Pennsylvania corporation which is duly licensed to conduct business in the State of North Carolina.

27.     Defendant Vanguard maintains a registered office in Mecklenburg County, North Carolina.

28.     From December 31, 2000 through January 1, 2006, Defendant Vanguard, in conjunction with Defendant SAIC, provided quarterly and annual account statements to the Plans' participants which included information concerning beneficiary designations.

4

29.     Upon information and belief, at all times relevant to this action, Defendant Vanguard was a trustee for the Plans.

30.     At all times relevant to this action, Defendant Vanguard was a fiduciary, within the meaning of 29 U.S.C. §1001(21), to the participants and beneficiaries of the Plans.

31.     Defendant Vanguard Fiduciary Trust Company (hereinafter referred to as "Defendant Vanguard Fiduciary") is a Pennsylvania corporation.

32.     Defendant Vanguard Fiduciary conducts business in the State of North Carolina and with North Carolina residents.

33.     Upon information and belief, Defendant Vanguard Fiduciary is a subsidiary company of Defendant Vanguard.

34.     At all times relevant to this action, Defendant Vanguard Fiduciary was the named trustee for the Plans and the custodian of the Plans' assets.

35.     At all times relevant to this action, Defendant Vanguard Fiduciary was a fiduciary, within the meaning of 29 U.S.C. §1001(21), to the participants and beneficiaries of the Plans.

36.     On July 21, 2005, Decedent died intestate in Durham County, North Carolina without a wife or any children.

37.     From December 7, 1992 until his death, Decedent was a participant in the Plans.

38.     At the time of his death, Decedent had individual retirement accounts in the 401(k) Plan and the ESRP Plan (hereinafter referred to collectively as the "Plan Accounts" or "Accounts").

39.     At the time of his death, Decedent's Plan Accounts had a combined balance of approximately $99,218.20.

40.     Plaintiffs are beneficiaries, within the meaning of 29 U.S.C. §1002(8), of Decedent's Plan Accounts.

## FACTUAL ALLEGATIONS

41.     The allegations set forth in the preceding paragraphs are incorporated herein by reference.

42.     On or about December 7, 1992, Decedent was hired by Defendant SAIC to work as a systems analyst in SAIC's Durham, North Carolina office.

43.     On December 8, 1992, Defendant SAIC presented Decedent with a Beneficiary Designation Form in order for him to designate a beneficiary for the following SAIC retirement plans: SAIC Profit Sharing Retirement Plan, SAIC Employee Stock Ownership Plan (ESOP), SAIC Cash or Deferred Arrangement (CODA), the Technology Services Corporation Profit Sharing Retirement Plan, and the Comsystems Profit Sharing Retirement Plan.

44.     At said time, Decedent designated his then-spouse, Defendant Harrison, as the primary beneficiary and his brother, Plaintiff Kohlbach, as the contingent beneficiary for the retirement plans listed in the preceding paragraphs.

45.     This Beneficiary Designation Form did not apply to the SAIC Stock Bonus Retirement Plan which was the predecessor to the ESRP Plan.

46.     Plaintiffs are informed and believe that Decedent never executed a Beneficiary Designation Form for his ESRP Plan Account.

6

47.     Before the year 2000, Decedent established and made contributions to his SAIC

401(k) Plan Account (formerly the CODA and the Profit Sharing Retirement Plans) and to his

ESRP Plan Account.

48.     On or about February 2, 2000, Decedent took a leave of absence from Defendant

SAIC and, upon information and belief, never worked for SAIC again.

49.     On September 25, 2000, the marriage of Decedent and Defendant Harrison was

dissolved by a Stipulated Judgment of Dissolution of Marriage in the Marion County Circuit

Court of the State of Oregon (hereinafter referred to as the "Divorce Judgment").  A true and

accurate copy of the Divorce Judgment is attached hereto as Exhibit #1.

50.     At said time, Decedent was a participant in the 401(k) Plan and the ESRP Plan.

51.     At said time, all of the Plans' assets were invested in SAIC stock.

52.     The Divorce Judgment was a qualified domestic relations order ("QDRO"),

within the meaning of 29 U.S.C. §1056(d)(3).

53.     Pursuant to the Divorce Judgment, Decedent was awarded his SAIC Plan

Accounts free and clear of any claims of Defendant Harrison.

54.     In exchange, Defendant Harrison was awarded her individual retirement account

free and clear of any claims of Decedent.

55.     Under the terms of the Divorce Judgment, Defendant Harrison waived, forfeited,

and relinquished all interest, including but not limited to her beneficiary interest, in Decedent's

Plan Accounts.

56.     The Divorce Judgment also ordered each party to execute, acknowledge and

deliver all documents and instruments necessary to complete the transfer of any property as

7

ordered in the Judgment and stated that "[i]f any party fails to comply with this provision, this Judgment shall operate to convey title to the party to whom such property is awarded."

57. Under the terms of the Divorce Judgment, Defendant Harrison conveyed to Decedent all interest, including but not limited to her beneficiary interest, that she had in Plan Accounts.

58. Plaintiffs are informed and believe that Decedent communicated the terms of the Divorce Judgment to Defendant SAIC and/or Defendant Vanguard and revoked the December 8, 1992 Beneficiary Designation Form.

59. Following the entry of the Divorce Judgment, Decedent did not execute any beneficiary designation forms which named Defendant Harrison as a primary or contingent beneficiary to his Plan Accounts.

60. Following the entry of the Divorce Judgment, Decedent received quarterly and annual account statements from Defendants SAIC and Vanguard for Plan Accounts.

61. These account statements included a section titled "Beneficiaries" so that a participant in the Plans, like Decedent, could determine whether he or she had a beneficiary designation on file with Defendants SAIC and Vanguard.

62. At all times after the entry of the Divorce Judgment, the SAIC and Vanguard account statements for Decedent's 401(k) Plan Account stated that he had "No Beneficiary On File."

63. At all times after the entry of the Divorce Judgment, the SAIC and Vanguard account statements for Decedent's ESRP Plan Account stated that he had "No Beneficiary On File."

64.     Under the terms of the Plans, Decedent's Estate would be the beneficiary of any account which did not have a valid beneficiary designation in effect at the time of his death since Decedent was not married.

65.     Neither Defendant SAIC nor Defendant Vanguard informed Decedent before his death that the account statements which indicated that he had "No Beneficiary On File" were incorrect.

66.     If Decedent did have a beneficiary on file for either or both of his Plan Accounts, then the SAIC and Vanguard account statements were false and misleading.

67.     Decedent reasonably relied upon these material misrepresentations by Defendants SAIC and Vanguard to his detriment, and, upon information and belief, did not change the beneficiary designation for his Plan Accounts before his death on July 21, 2005.

68.     In November, 2005, Plaintiff Fulton contacted Defendant SAIC and inquired about the identity of the beneficiary to Decedent's Plan Accounts.

69.     At said time, Karen Swafford, a senior retirement plans administrator, employed by Defendant SAIC, informed Plaintiff Fulton that SAIC considered Defendant Harrison to be the beneficiary of Decedent's Plan Accounts.

70.     On or about February 1, 2006, Plaintiffs presented Defendant SAIC with a copy of the Divorce Judgment and informed SAIC that they disagreed with its determination that Defendant Harrison is the beneficiary of Decedent's Accounts.

71.     On or about February 21, 2006, Plaintiffs asked Defendant Harrison to renounce her beneficiary interest in said Accounts, in accordance with the Divorce Judgment, by executing a renunciation of benefits under North Carolina General Statute §31-B-1, *et seq.*

9

72.     On March 16, 2006, Defendant Harrison notified Plaintiffs that she would not renounce her interest in either Plan Account and that she intended to recover benefits from both Accounts.

73.     On March 21, 2006, Ms. Swafford sent a letter to Plaintiffs which denied Plaintiffs' claim for benefits and stated that the Decedent's "Beneficiary Designation form is valid according to our plan documents and rules."

74.     Ms. Swafford's letter failed to set forth Plaintiffs' administrative appeal rights and failed to notify Plaintiffs of the Plans' administrative procedures that they were expected to exhaust before filing a civil action.

75.     Defendant SAIC waived its defense that Plaintiffs failed to exhaust their administrative remedies under the terms of the Plans.

76.     In the alternative, Plaintiffs have exhausted their administrative remedies under the terms of the Plans.

77.     Plaintiffs are informed and believe that Defendant SAIC is in doubt as to the proper beneficiaries of Decedent's Plan Accounts.

78.     An actual and justiciable controversy exists between the parties as to who is the beneficiary of Decedent's Plan Accounts.

79.     All persons who have any interest in Decedent's Plan Accounts have been joined as parties hereto.

80.     The funds in Decedent's Plan Accounts have not been distributed by Defendant SAIC or Vanguard Fiduciary due to the competing claims of Plaintiffs and Defendant Harrison.

81. Upon information and belief, Defendant Vanguard Fiduciary will continue to hold these funds in trust pending resolution of this civil action or upon the issuance of an appropriate court order.

**FIRST CLAIM FOR RELIEF:**
**ACTION TO RECOVER BENEFITS**
**PURSUANT TO 29 U.S.C. §1132(a)(1)(B)**

82. The allegations set forth in the preceding paragraphs are incorporated herein by reference.

83. Plaintiff Fulton, as Administratrix of Decedent's Estate, is a beneficiary, within the meaning of 29 U.S.C. §1002(8), because the Estate is or may become entitled to a benefit under the terms of the Plans.

84. Plaintiff Fulton, in her capacity as Administratrix of Decedent's Estate, is entitled to recover benefits as the beneficiary of Decedent's Plan Accounts due to one or more of the following reasons:

    a. Upon information and belief, at the time of his death, Decedent had properly revoked all prior beneficiary designations and there was no valid beneficiary designation on file with Defendants SAIC, Vanguard, and/or Vanguard Fiduciary;

    b. Decedent never designated a beneficiary for his ESRP Plan Account; and,

    c. Under the terms of the Divorce Judgment, which was a QDRO within the meaning of 29 U.S.C. §1056(d)(3), all of Defendant Harrison's interest, including her beneficiary interest, in the Plan Accounts was conveyed to Decedent.

85. Plaintiff Kohlbach is a beneficiary, within the meaning of 29 U.S.C. §1002(8), because he is or may become entitled to a benefit under the terms of the Plans.

11

86.     Plaintiff Kohlbach is entitled to recover benefits as the beneficiary of Decedent's Plan Accounts because Defendant Harrison waived, forfeited, and relinquished her beneficiary interest in each Account through the Divorce Judgment.

87.     Plaintiffs request that the Court issue a judgment declaring that Plaintiff Fulton and/or Plaintiff Kohlbach is entitled to recover benefits from Decedent's Plan Accounts.

88.     Plaintiffs further request that the Court issue an injunction ordering Defendants SAIC, Vanguard, and/or Vanguard Fiduciary to pay Plaintiff Fulton and/or Plaintiff Kohlbach the appropriate amount of benefits due under Decedent's Plan Accounts.

**SECOND CLAIM FOR RELIEF:**
**BREACH OF FIDUCIARY DUTY**
**PURSUANT TO 29 U.S.C. §1132(a)(3)(B)**

89.     The allegations set forth in the preceding paragraphs are incorporated herein by reference.

90.     Between December 31, 2000 and July 21, 2005, Decedent was a participant in the Plans.

91.     During said period of time, Defendant SAIC was a fiduciary, within the meaning of 29 U.S.C. §1002(21), to the Plans.

92.     During said period of time, Defendant Vanguard was a fiduciary, within the meaning of 29 U.S.C. §1002(21), to the Plans.

93.     As an ERISA fiduciary, Defendants SAIC and Vanguard had a duty to give the Plans' participants, including Decedent, accurate information concerning the beneficiary designations on file for the Plans.

12

94.     As an ERISA fiduciary, Defendants SAIC and Vanguard had a duty to not misinform the Plans' participants, including Decedent, through material misrepresentations and incomplete, inconsistent, or contradictory disclosures concerning the beneficiary designations on file for the Plans.

95.     Between December 31, 2000 and June 30, 2005, Defendants SAIC and Vanguard sent quarterly and annual account statements to the Plans' participants, including Decedent, in their capacity as fiduciaries to the Plans.

96.     The quarterly and annual account statements that Decedent received between December 31, 2000 and June 30, 2005 stated that Decedent had "No Beneficiary On File" for his Plan Accounts.

97.     Under the terms of the Plans, Decedent's Estate would be the beneficiary of his Plan Accounts if there was no beneficiary designation on file at the time of Decedent's death.

98.     Subsequent to Decedent's death, Defendant SAIC has represented to Plaintiff Fulton that Decedent did have a valid beneficiary designation on file during said period of time.

99.     If Decedent did have a valid beneficiary designation on file between December 31, 2000 and June 30, 2005, then Defendants SAIC and Vanguard made material misrepresentations to Decedent concerning the beneficiary of his Plan Accounts.

100.    Decedent reasonably relied upon these misrepresentations to his detriment and, upon information and belief, did not designate a new beneficiary for either Plan Account between the dates of his divorce and death.

101.    Defendants SAIC and Vanguard breached their fiduciary duties to Decedent by making material misrepresentations concerning the beneficiary designation for his Plan

13

Accounts.

102. Plaintiff Fulton, as Administratrix of Decedent's Estate and a beneficiary under the terms of the Plans, is entitled by law to pursue Decedent's claim for breach of fiduciary duty.

103. Plaintiff Fulton requests that the Court issue an injunction ordering Defendants SAIC and/or Vanguard to recognize the Decedent's Estate as the beneficiary of his Plan Accounts or such other appropriate equitable relief, pursuant to 29 U.S.C. §1132(a)(3)(B), as the Court deems proper.

### THIRD CLAIM FOR RELIEF:
### WAIVER PURSUANT TO
### FEDERAL COMMON LAW

104. The allegations set forth in the preceding paragraphs are incorporated herein by reference.

105. On September 25, 2000, a court of competent jurisdiction issued the Divorce Judgment.

106. The Divorce Judgment was issued with the consent of Decedent and Defendant Harrison and dissolved their marriage.

107. The Divorce Judgment is a QDRO, within the meaning of 29 U.S.C. §1056(d)(3).

108. Pursuant to the Divorce Judgment, Decedent was awarded his SAIC Plan Accounts free and clear of any claims of Defendant Harrison.

109. Pursuant to the Divorce Judgment, Defendant Harrison was awarded her IRA account free and clear of any claim of Decedent.

110. By consenting to the entry of the Divorce Judgment, Defendant Harrison intended to relinquish and waive all of her interest, including but not limited to her beneficiary interest, in

14

Decedent's Plan Accounts.

111.    Defendant Harrison knowingly and intentionally waived her right to benefits under the terms of Decedent's Plan Accounts through the Divorce Judgment.

112.    Plaintiffs request that the Court issue a judgment declaring that Defendant Harrison has waived her rights as beneficiary of Decedent's Plan Accounts.

113.    Plaintiffs further request that the Court issue an injunction ordering Defendants SAIC, Vanguard, and/or Vanguard Fiduciary to pay either Plaintiff Fulton and/or Plaintiff Kohlbach the appropriate amount of benefits due under said Accounts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray the Court for the following relief:

1.    A judgment declaring that Plaintiff Judith Kohlbach Fulton, as Administratrix of the Estate of Gregory Frederick Kohlbach, and/or Plaintiff Gary A. Kohlbach is the beneficiary of Decedent's Plan Accounts;

2.    A judgment declaring that Defendant Harrison waived her rights as beneficiary of Decedent's Plan Accounts;

3.    An injunction ordering Defendants SAIC, Vanguard, and/or Vanguard Fiduciary to pay Plaintiff Fulton the benefits which Decedent's Estate is entitled to recover from the Plans;

4.    An injunction ordering Defendants SAIC, Vanguard, and/or Vanguard Fiduciary to pay Plaintiff Kohlbach the benefits which he is entitled to recover from the Plans;

5.    An injunction ordering Defendants SAIC and/or Vanguard to recognize Plaintiff Fulton as the beneficiary of Decedent's Plan Accounts or other appropriate equitable relief;

15

6.      A reasonable attorney's fee and the costs of this action, pursuant to 29 U.S.C.

§1132(g), from one or more of the Defendants;

7.      Pre-judgment and post-judgment on all amounts recovered in this action; and

8.      Such other and further relief as the Court deems just and proper.

This the 16th day of November, 2006.

                                          /s/ Carlos E. Mahoney
                                          Carlos E. Mahoney
                                          Counsel for Plaintiffs
                                          Glenn, Mills & Fisher, P.A.
                                          P. O. Drawer 3865
                                          Durham, North Carolina 27702-3865
                                          Telephone: (919) 683-2135
                                          Fax: (919) 688-9339
                                          cmahoney@gmf-law.com
                                          N.C. State Bar No. 26509

## CERTIFICATE OF SERVICE

I, Carlos E. Mahoney, hereby certify that on November 16, 2006, I electronically filed the foregoing document entitled, **Amended Complaint**, with the Clerk of Court for the Eastern District of North Carolina using the CM/ECF system which will send notification of the filing to the following CM/ECF participants:  Gavin Parsons for Defendant Harrison, Gregory P. Chocklett for Defendant SAIC, and Mark Thomas for Defendant Vanguard , and I hereby certify that I have mailed the document to the following non-CM/ECF participants:   None.

Respectfully submitted,

 /s/ Carlos E. Mahoney
Carlos E. Mahoney
Counsel for Plaintiffs
Glenn, Mills & Fisher, P.A.
P. O. Drawer 3865
Durham, North Carolina 27702-3865
Telephone: (919) 683-2135
Fax: (919) 688-9339
cmahoney@gmf-law.com
N.C. State Bar No. 26509

17

In re the Marriage of                  )     Case No. *COC 33142*

MADELEINE A. HARRISON,        )

                Petitioner,       )     **STIPULATED JUDGMENT OF**
                                )     **DISSOLUTION OF MARRIAGE**

        and                      )

GREGOR F. KOHLBACH,          )

                Respondent       )

        THIS MATTER coming before the court upon the stipulation of the parties, as evidenced by their signatures affixed to this judgment of dissolution of marriage; and

        The court having considered the petition for dissolution of marriage and the records herein; and the parties having stipulated to the entry of the judgment by signing the last page hereof as allowed by ORCP 67 F; and the court having reviewed the terms of this stipulated judgment of dissolution of marriage which settles and disposes of all the issues involved in this case. The court approves said settlement and finds it is a fair and equitable resolution of the issues; now, therefore,

        The Court hereby makes the following finding of fact:

        1.      No other domestic relations suits or petitions for support pursuant to ORS 108.110 involving the parties' marriage is pending in any other court of this or any other state.

        2.      This Court has jurisdiction over the Petitioner and Respondent.



Howard W. Collins & Associates
*Attorneys at Law*
1415 Commercial Street, SE
Salem, Oregon 97301
(503) 399-9778

3.     For a period of six months immediately prior to the filing of the petition to dissolve the marriage herein, the Petitioner continuously was and now is a resident and inhabitant of the county of Marion, State of Oregon.

4.     The Petitioner's address is 3337 Ratcliff Lane SE, Salem, Oregon 97302; her social security number is        -2312; her date of birth is        , 1943.

5.     The Respondent's address is 4002 Old Chapel Hill Road, Durham, North Carolina; his social security number is        -0011; his date of birth is        , ~~1952.~~ 1953 *JK*

6.     The Petitioner is currently self-employed.

7.     The Respondent is currently unemployed.

8.     The Petitioner and Respondent were married in Port St. Lucie, Florida on March 6, 1992.

9.     The Petitioner and Respondent have been separated since November 7, 1999.

10.     There exists between the Petitioner and Respondent irreconcilable differences which have caused the irremediable breakdown of their marriage.

11.     The Petitioner is not now pregnant.

12.     There are no children of this marriage.

13.     The parties have warranted to each other and to this court that there has been an accurate, complete and current disclosure of all our income, assets, debts and liabilities.  The parties acknowledge to each other and to this court that there are no representatives or promises of any kind which have been made to either of them as an inducement to enter into the agreement represented by the judgment other than those expressly set forth in the judgment.

Howard W. Collins & Associates
*Attorneys at Law*
1415 Commercial Street, SE
Salem, Oregon 97301
(503) 399-9778

14.     The disposition of the parties' property herein, whether or not equal, is just and proper in all the circumstances.

15.     The marriage of the parties should be dissolved and both Petitioner and Respondent should be granted the relief as outlined in this judgment.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that

1.     **EFFECTIVE DATE:** The marriage of the parties is dissolved and the provisions of this Judgment are effective immediately upon the execution and entry of this Judgment.

2.     **SPOUSAL SUPPORT:** Neither party is awarded a judgment against the other as and for spousal support.

3.     **PROPERTY DIVISION:**

3.1     **Personal Property**

3.1.1     Petitioner's Property. Petitioner is awarded the personal property now in her possession, including the following, subject to any encumbrance thereon, free and clear of any claim of Respondent.

      a.     her Fidelity account;
      b.     her IRA account;
      c.     her trading account with Olsen Payne; and
      d.     her Stay Healthy, Inc. stock certificates.

3.1.2     Respondent's Property. Respondent is awarded the personal property now in his possession, including the following, subject to any encumbrance thereon, free and clear of any claim of Petitioner.

      a.     his 1988 Toyota;
      b.     his Fidelity account;
      c.     his SAIC stock retirement account; and
      d.     his Stay Healthy, Inc. stock certificates.

Howard W. Collins & Associates
*Attorneys at Law*
1415 Commercial Street, SE
Salem, Oregon 97302
(503) 399-9778

## 3.2   Real Property

3.2.1   Respondent is awarded the real property located at 4002 Old Chapel Hill Road, Durham, North Carolina, subject to any encumbrance, taxes and/or liens thereon, free and clear of any claim of Respondent. The legal description of the residence is as follows:

> Lots 1, 2, and 3 of the John K. Roberson Property, as per Plat and Survey thereof now on file in the Durham County Registry in Plat Book 17 at Page 95, to which plat reference is hereby made for a more particular description.

3.2.2   Respondent shall hold the Petitioner harmless from any debt, encumbrance, taxes and/or liens of said property, and shall indemnify Petitioner from any liability or costs arising therefrom.

## 4.   DEBT ALLOCATION

4.1   <u>Petitioner's Debts.</u>   Petitioner shall pay, satisfy and discharge and otherwise defend, indemnify and hold the Respondent harmless from her 1997, 1998 and/or 1999 State and Federal taxes. Petitioner shall be responsible for, and hold the Respondent harmless from any debts incurred since the date of separation, November 9, 1999.

4.2   <u>Respondent's Debts.</u>   Respondent shall pay, satisfy and discharge and otherwise defend, indemnify and hold the Petitioner harmless from his 1997, 1998 and/or 1999 State and Federal taxes. Respondent shall be responsible for, and hold the Petitioner harmless from any debts incurred since the date of separation, November 9, 1999.

## 5.   ATTORNEY FEES AND COSTS:   Neither party is awarded any judgment against the other as and for contribution for attorney fees and costs.

Stipulated Judgment of Dissolution of Marriage - 4

Howard W. Collins & Associates
*Attorneys at Law*
1415 Commercial Street, SE
Salem, Oregon 97302
(503) 399-9778

Case 5:06-cv-00311-FL   Document 30   Filed 11/16/06   Page 21 of 22

6.    **EXECUTION OF DOCUMENTS:** Each party shall, within 30 days of the date of this judgment, execute, acknowledge and deliver any and all documents and instruments necessary to complete the transfer of any property as ordered in this Judgment and Decree Dissolving the Marriage. If any party fails to comply with this provision, this Judgment shall operate to convey title to the party to whom such property is awarded.


DATED this 25th day of September, 2000.


/S/ Burton
_____
CIRCUIT COURT JUDGE


IT IS SO STIPULATED AND AGREED:

_____
MADELINE A. HARRISON
Petitioner

_____
GREGOR F. KOLBACH
Respondent


Prepared by:
Howard W. Collins, OSB #81190
1415 Commercial Street SE
Salem, Oregon 97302
Telephone: (503) 399-9778

Stipulated Judgment of Dissolution of Marriage - 5

Howard W. Collins & Associates
*Attorneys at Law*
1415 Commercial Street, SE
Salem, Oregon 97302
(503) 399-9778

Case 5:06-cv-00311-FL   Document 30   Filed 11/16/06   Page 22 of 22