IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:06-CV-311-FL

| | | |
|---|---|---|
| JUDITH KOHLBACH FULTON, as Administratrix of the Estate of Gregory Frederick Kohlbach and GARY A. KOHLBACH, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **ANSWER OF DEFENDANTS THE VANGUARD GROUP, INC., AND VANGUARD FIDUCIARY TRUST COMPANY TO PLAINTIFFS' AMENDED COMPLAINT** |
| MADELINE A. HARRISON, SCIENCE APPLICATIONS INTERNATIONAL CORPORATION, THE VANGUARD GROUP, INC., and VANGUARD FIDUCIARY TRUST COMPANY, | ) ) ) ) ) | |
| Defendants. | ) | |

Defendants The Vanguard Group, Inc. ("VGI") and Vanguard Fiduciary Trust Company

("VFTC"), (collectively "the Vanguard Defendants"), by and through counsel, answer plaintiffs'

amended complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' causes of action against the Vanguard Defendants fail to state claims upon

which relief can be granted and should therefore be dismissed pursuant to Rule 12(b)(6), Fed. R.

Civ. P.

### SECOND AFFIRMATIVE DEFENSE

To the extent that plaintiffs have failed to exhaust any administrative remedies, their

amended complaint must be dismissed pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, plaintiffs have failed to use reasonable efforts to mitigate any damages claimed as a result of any alleged wrongful conduct by the Vanguard Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' remedies for any of their claims against the Vanguard Defendants are limited solely to those remedies available under ERISA, as their claims are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Vanguard Defendants are preempted by ERISA.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' allegations against the Vanguard Defendants concern only non-fiduciary acts, for which the Vanguard Defendants are not liable to plaintiffs under ERISA.

### SEVENTH AFFIRMATIVE DEFENSE

Answering specifically the individual allegations of the plaintiffs' amended complaint, the Vanguard Defendants state as follows:

### INTRODUCTORY STATEMENT

1.     The allegations of paragraph 1 call for legal conclusions to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 and therefore deny the same.

2.     The Vanguard Defendants admit only that Gregory Frederick Kohlbach was, at the time of his death, a participant in two employee pension benefit plans sponsored and administered by Science Applications International Corporation ("SAIC"), the Science

Applications International Corporation 401(k) Profit Sharing Plan (the "401(k) Profit Sharing Plan") and the Science Applications International Corporation Employee Stock Retirement Plan (the "Employee Stock Retirement Plan"), and that both plans are subject to provisions of ERISA. In all other respects, the Vanguard Defendants deny the allegations of paragraph 2.

3.     The Vanguard Defendants admit that plaintiffs' amended complaint and the cited statute speak for themselves. In all other respects, the Vanguard Defendants deny the allegations of paragraph 3.

4.     The Vanguard Defendants admit that plaintiffs' amended complaint and the cited statute speak for themselves. In all other respects, the Vanguard Defendants deny the allegations of paragraph 4.

5.     The Vanguard Defendants admit that plaintiffs' amended complaint and case law cited therein speak for themselves. In all other respects, the Vanguard Defendants deny the allegations of paragraph 5.

## JURISDICTION AND VENUE

6.     The Vanguard Defendants admit the allegations of paragraph 6.

7.     The Vanguard Defendants admit the allegations of paragraph 7.

8.     The Vanguard Defendants admit only that plaintiffs' amended complaint and the cited statutes speak for themselves. In all other respects, the Vanguard Defendants deny the allegations of paragraph 8.

9.     The Vanguard Defendants admit the allegations of paragraph 9, on information and belief.

10.     The Vanguard Defendants admit, on information and belief, that venue is properly before this Court. In all other respects, the allegations of paragraph 10 are denied.

## PARTIES

11.    The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 and therefore deny the same.

12.    The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 and therefore deny the same.

13.    The Vanguard Defendants admit the allegations of paragraph 13 upon information and belief.

14.    The Vanguard Defendants admit only that plaintiffs' amended complaint speaks for itself.  In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 and therefore deny the same.

15.    The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 and therefore deny the same.

16.    The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 and therefore deny the same.

17.    The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 and therefore deny the same.

18.    The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 and therefore deny the same.

19.    The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 and therefore deny the same.

20.    The Vanguard Defendants admit the allegations of paragraph 20, on information and belief.

21.    The Vanguard Defendants admit the allegations of paragraph 21, on information

and belief.

22.     The Vanguard Defendants admit the allegations of paragraph 22, on information and belief.

23.     The allegations of paragraph 23 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit only that, at the time of Decedent's death, he was a participant in two employee pension benefit plans sponsored and administered by SAIC, the 401(k) Profit Sharing Plan (plan number 090518) and the Employee Stock Retirement Plan (plan number 092518), and that both plans are subject to provisions of ERISA. Effective January 1, 2006, the 401(k) Profit Sharing Plan and the Employee Stock Retirement Plan combined to form the Science Applications International Corporation Retirement Plan. In all other respects, the Vanguard Defendants deny the allegations of paragraph 23.

24.     The Vanguard Defendants admit that SAIC sponsored and was plan administrator of the 401(k) Profit Sharing Plan and the Employee Stock Retirement Plan. Effective January 1, 2006, the 401(k) Profit Sharing Plan and the Employee Stock Retirement Plan combined to form the Science Applications International Corporation Retirement Plan. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 and therefore deny the same.

25.     The allegations of paragraph 25 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit only that the cited statute speaks for itself. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 and therefore deny the same.

26. The Vanguard Defendants admit that VGI is a Pennsylvania corporation and that VGI conducts business in the State of North Carolina. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 and therefore deny the same.

27. The Vanguard Defendants admit the allegations of paragraph 27.

28. The Vanguard Defendants deny the allegations of paragraph 28.

29. The Vanguard Defendants deny the allegations of paragraph 29. Further responding, the Vanguard Defendants state that at the time of Decedent's death VGI acted as a record keeper and VFTC served as directed trustee of the 401(k) Profit Sharing Plan and the Employee Stock Retirement Plan. VFTC is a wholly owned subsidiary of VGI.

30. The allegations of paragraph 30 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit only that the cited statute speaks for itself. In all other respects, the Vanguard Defendants deny the allegations in paragraph 30 and incorporate by reference their response to the allegations in paragraph 29 of plaintiffs' amended complaint.

31. The Vanguard Defendants deny the allegations of paragraph 31. Further responding, the Vanguard Defendants state that VFTC is a Pennsylvania limited purpose trust company.

32. The Vanguard Defendants admit the allegations of paragraph 32.

33. The Vanguard Defendants admit the allegations of paragraph 33.

34. The Vanguard Defendants deny the allegations in paragraph 34 and incorporate by reference their response to the allegations in paragraph 29 of plaintiffs' amended complaint.

35.    The allegations of paragraph 35 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit only that the cited statute speaks for itself. In all other respects, the Vanguard Defendants deny the allegations in paragraph 35 and incorporate by reference their response to the allegations in paragraph 29 of plaintiffs' amended complaint.

36.    The Vanguard Defendants admit upon information and belief only that Gregory Frederick Kohlbach died on July 21, 2005. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36 and therefore deny the same.

37.    The Vanguard Defendants admit only that Gregory Frederick Kohlbach was a participant in the 401(k) Profit Sharing Plan, the Employee Stock Retirement Plan, and certain predecessor plans. In all other respects, the Vanguard Defendants deny the allegations of paragraph 37.

38.    The Vanguard Defendants admit only that Gregory Frederick Kohlbach was, at the time of his death, a participant in the 401(k) Profit Sharing Plan and the Employee Stock Retirement Plan. In all other respects, the Vanguard Defendants deny the allegations of paragraph 38.

39.    The Vanguard Defendants deny the allegations of paragraph 39. Further responding, the Vanguard Defendants assert, upon information and belief, that Decedent had a balance of $23,417.74 in his 401(k) Profit Sharing Plan accounts and $76,011.01 in his Employee Stock Retirement Plan accounts as of July 21, 2005.

40.    The allegations of paragraph 40 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard

Defendants admit only that the cited statute speaks for itself. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40 and therefore deny the same.

## FACTUAL ALLEGATIONS

41.     The Vanguard Defendants incorporate by reference and restate their responses to the allegations set forth in paragraphs 1 through 40 of plaintiffs' amended complaint.

42.     The Vanguard Defendants admit upon information and belief only that Gregory Frederick Kohlbach was hired by SAIC on December 7, 1992. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 42 and therefore deny the same.

43.     The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 and therefore deny the same.

44.     The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44 and therefore deny the same.

45.     The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45 and therefore deny the same.

46.     The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 46 and therefore deny the same.

47.     The Vanguard Defendants deny the allegations of paragraph 47 as stated. Responding further, the Vanguard Defendants admit that, prior to 2000, Decedent made contributions to his accounts in the Science Applications International Corporation Cash or Deferred Arrangement Plan (the "CODA Plan"), and SAIC made contributions to Decedent's accounts in the CODA Plan, the Science Applications International Corporation Profit Sharing

Retirement Plan (the "Profit Sharing Retirement Plan"), and the Employee Stock Retirement Plan.

48.     The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 48 and therefore deny the same.

49.     The Vanguard Defendants admit that the Divorce Judgment attached as Exhibit 1 to plaintiffs' amended complaint speaks for itself. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49 and therefore deny the same.

50.     The Vanguard Defendants deny the allegations of paragraph 50 as stated. Responding further, the Vanguard Defendants admit that, as of September 25, 2005, Decedent was a participant in the CODA Plan, the Profit Sharing Retirement Plan, and the Employee Stock Retirement Plan.

51.     The Vanguard Defendants deny the allegations of paragraph 51.

52.     The allegations of paragraph 52 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit that the Divorce Judgment attached as Exhibit 1 to plaintiffs' amended complaint and the cited statute speak for themselves. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52 and therefore deny the same.

53.     The allegations of paragraph 53 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit that the Divorce Judgment attached as Exhibit 1 to plaintiffs' amended complaint speaks for itself. In all other respects, the Vanguard Defendants lack information

sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53 and therefore deny the same.

54.     The allegations of paragraph 54 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit that the Divorce Judgment attached as Exhibit 1 to plaintiffs' amended complaint speaks for itself. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 and therefore deny the same.

55.     The allegations of paragraph 55 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit that the Divorce Judgment attached as Exhibit 1 to plaintiffs' amended complaint speaks for itself. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 and therefore deny the same.

56.     The allegations of paragraph 56 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit that the Divorce Judgment attached as Exhibit 1 to plaintiffs' amended complaint speaks for itself. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56 and therefore deny the same.

57.     The allegations of paragraph 57 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit that the Divorce Judgment attached as Exhibit 1 to plaintiffs' amended

complaint speaks for itself. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57 and therefore deny the same.

58. The Vanguard Defendants deny the allegations of paragraph 58 to the extent that they are directed to the Vanguard Defendants. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58 and therefore deny the same.

59. The Vanguard Defendants admit that Decedent did not submit any beneficiary designation forms to the Vanguard Defendants relating to the 401(k) Profit Sharing Plan or the Employee Stock Retirement Plan. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59 and therefore deny the same.

60. The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60 and therefore deny the same.

61. The Vanguard Defendants assert that the account statements referenced in paragraph 61 of plaintiffs' amended complaint are in writing and speak for themselves. To the extent that a responsive pleading is required, the Vanguard Defendants deny the allegations of paragraph 61.

62. The Vanguard Defendants assert that the account statements referenced in paragraph 62 of plaintiffs' amended complaint are in writing and speak for themselves. To the extent that a responsive pleading is required, the Vanguard Defendants deny the allegations of paragraph 62.

63.     The Vanguard Defendants assert that the account statements referenced in paragraph 63 of plaintiffs' amended complaint are in writing and speak for themselves. To the extent that a responsive pleading is required, the Vanguard Defendants deny the allegations of paragraph 63.

64.     The allegations of paragraph 64 call for legal conclusions to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit only that the 401(k) Profit Sharing Plan and Employee Stock Retirement Plan documents referenced in paragraph 64 of plaintiffs' amended complaint speak for themselves. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 64 and therefore deny the same.

65.     The Vanguard Defendants deny that they sent Decedent account statements with incorrect information. Accordingly, the Vanguard Defendants had no reason to notify Decedent that his account statements were incorrect. The Vanguard Defendants deny all remaining allegations directed to the Vanguard Defendants. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 65 and therefore deny the same.

66.     The Vanguard Defendants deny the allegations of paragraph 66.

67.     The Vanguard Defendants deny the allegations of paragraph 67.

68.     The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 68 and therefore deny the same.

69.     The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 69 and therefore deny the same.

70.     The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 70 and therefore deny the same.

71.     The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71 and therefore deny the same.

72.     The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 72 and therefore deny the same.

73.     The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 73 and therefore deny the same.

74.     The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 74 and therefore deny the same.

75.     The allegations of paragraph 75 call for legal conclusions, to which no responsive pleading is required.  To the extent that the allegations are deemed to be factual, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 75 and therefore deny the same.

76.     The allegations of paragraph 76 call for legal conclusions, to which no responsive pleading is required.  To the extent that the allegations are deemed to be factual, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 76 and therefore deny the same.

77.     The Vanguard Defendants admit the allegations in paragraph 77 upon information and belief.

78.     The Vanguard Defendants admit the allegations of paragraph 78.

79.     The allegations of paragraph 79 call for legal conclusions, to which no responsive pleading is required.  To the extent that the allegations are deemed to be factual, the Vanguard

Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 79 and therefore deny the same.

80.    The Vanguard Defendants admit the allegations of paragraph 80 upon information and belief.

81.    The Vanguard Defendants admit the allegations of paragraph 81 upon information and belief.

**FIRST CLAIM FOR RELIEF:**
**ACTION TO RECOVER BENEFITS**
**PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

82.    The Vanguard Defendants incorporate by reference and restate their responses herein to the allegations set forth in paragraphs 1 through 81 of plaintiffs' amended complaint.

83.    The allegations of paragraph 83 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit only that the cited statute and the 401(k) Profit Sharing Plan and Employee Stock Retirement Plan documents speak for themselves. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 83 and therefore deny the same.

84.    The allegations of paragraph 84 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit only that the Divorce Judgment attached as Exhibit 1 to plaintiffs' amended complaint, the cited statutes, and any beneficiary designation forms relating to Decedent's accounts speak for themselves. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 84, including all subparagraphs, and therefore deny the same.

85.    The allegations of paragraph 85 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit only that the cited statute and the 401(k) Profit Sharing Plan and Employee Stock Retirement Plan documents speak for themselves. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 85 and therefore deny the same.

86.    The allegations of paragraph 86 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit only that the Divorce Judgment attached as Exhibit 1 to plaintiffs' amended complaint speaks for itself. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 86 and therefore deny the same.

87.    The Vanguard Defendants admit that plaintiffs' amended complaint speaks for itself. In all other respects, the Vanguard Defendants deny the allegations of paragraph 87.

88.    The Vanguard Defendants admit that plaintiffs' amended complaint speaks for itself. In all other respects, the Vanguard Defendants deny the allegations of paragraph 88.

**SECOND CLAIM FOR RELIEF:**
**BREACH OF FIDUCIARY DUTY**
**PURSUANT TO 29 U.S.C. § 1132(a)(3)(B)**

89.    The Vanguard Defendants incorporate by reference and restate their responses herein to the allegations set forth in paragraphs 1 through 88 of plaintiffs' amended complaint.

90.    The Vanguard Defendants admit only that Gregory Frederick Kohlbach was a

participant in the 401(k) Profit Sharing Plan, the Employee Stock Retirement Plan, and certain predecessor plans between December 31, 2000 and July 21, 2005. In all other respects, the Vanguard Defendants deny the allegations of paragraph 90.

91.    The allegations of paragraph 91 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit only that the cited statute speaks for itself. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 91 and therefore deny the same.

92.    The allegations of paragraph 92 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit only that the cited statute speaks for itself. In all other respects, the Vanguard Defendants deny the allegations in paragraph 92 and incorporate by reference their response to the allegations in paragraph 29 of plaintiffs' amended complaint.

93.    The allegations of paragraph 93 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants deny the allegations in paragraph 93.

94.    The allegations of paragraph 94 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants deny the allegations in paragraph 94.

95.    The Vanguard Defendants deny the allegations of paragraph 95.

96.    The Vanguard Defendants assert that the account statements referenced in paragraph 96 of plaintiffs' amended complaint are in writing and speak for themselves. To the

extent that a responsive pleading is required, the Vanguard Defendants deny the allegations of paragraph 96.

97. The allegations of paragraph 97 call for legal conclusions to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit only that the 401(k) Profit Sharing Plan and Employee Stock Retirement Plan documents referenced in paragraph 97 of plaintiffs' amended complaint speak for themselves. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 97 and therefore deny the same.

98. The Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 98 and therefore deny the same.

99. The Vanguard Defendants deny the allegations of paragraph 99.

100. The Vanguard Defendants deny the allegations of paragraph 100.

101. The Vanguard Defendants deny the allegations of paragraph 101.

102. The allegations of paragraph 102 call for legal conclusions, to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants deny the allegations of paragraph 102.

103. The Vanguard Defendants admit that plaintiffs' amended complaint and the cited statue speak for themselves. In all other respects, the Vanguard Defendants deny the allegations of paragraph 103.

### THIRD CLAIM FOR RELIEF:
### WAIVER PURSUANT TO
### FEDERAL COMMON LAW

104. The Vanguard Defendants incorporate by reference and restate their responses herein to the allegations set forth in paragraphs 1 through 103 of plaintiffs' amended complaint.

105. The Vanguard Defendants admit that the Divorce Judgment attached as Exhibit 1 to plaintiffs' amended complaint speaks for itself and further admit the allegations of paragraph 105 upon information and belief.

106. The Vanguard Defendants admit that the Divorce Judgment attached as Exhibit 1 to plaintiffs' amended complaint speaks for itself. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 106 and therefore deny the same.

107. The allegations of paragraph 107 call for legal conclusions to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit that the Divorce Judgment attached as Exhibit 1 to plaintiffs' amended complaint and the cited statute speak for themselves. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 107 and therefore deny the same.

108. The allegations of paragraph 108 call for legal conclusions to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit that the Divorce Judgment attached as Exhibit 1 to plaintiffs' amended complaint speaks for itself. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 108 and therefore deny the same.

109. The allegations of paragraph 109 call for legal conclusions to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit that the Divorce Judgment attached as Exhibit 1 to plaintiffs' amended complaint speaks for itself. In all other respects, the Vanguard Defendants lack information

sufficient to form a belief as to the truth or falsity of the allegations in paragraph 109 and therefore deny the same.

110. The allegations of paragraph 110 call for legal conclusions to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit that the Divorce Judgment attached as Exhibit 1 to plaintiffs' amended complaint speaks for itself. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 110 and therefore deny the same.

111. The allegations of paragraph 111 call for legal conclusions to which no responsive pleading is required. To the extent that the allegations are deemed to be factual, the Vanguard Defendants admit that the Divorce Judgment attached as Exhibit 1 to plaintiffs' amended complaint speaks for itself. In all other respects, the Vanguard Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 111 and therefore deny the same.

112. The Vanguard Defendants admit that plaintiffs' amended complaint speaks for itself. In all other respects, the Vanguard Defendants deny the allegations of paragraph 112.

113. The Vanguard Defendants admit that plaintiffs' amended complaint speaks for itself. In all other respects, the Vanguard Defendants deny the allegations of paragraph 113.

### EIGHTH AFFIRMATIVE DEFENSE

Anything not expressly admitted in this Answer is denied.

### THE VANGUARD DEFENDANTS' COUNTERCLAIM/CROSS-CLAIM IN INTERPLEADER AGAINST PLAINTIFFS AND DEFENDANT HARRISON

Defendants The Vanguard Group, Inc. ("VGI") and Vanguard Fiduciary Trust Company

("VFTC"), (collectively "the Vanguard Defendants"), pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1335, plead for interpleader as follows:

1.      Defendant/plaintiff-in-counterclaim and defendant/plaintiff-in-cross-claim VGI is a Pennsylvania corporation that conducts business in the State of North Carolina and maintains a registered office in Mecklenburg County, North Carolina.

2.      Defendant/plaintiff-in-counterclaim and defendant/plaintiff-in-cross-claim VFTC is a Pennsylvania limited purpose trust company that conducts business in the State of North Carolina.  VFTC is a wholly owned subsidiary of VGI.

3.      Upon information and belief, Science Applications International Corporation ("SAIC") is a corporation organized under the laws of Delaware with its principal place of business in San Diego, California.

4.      Upon information and belief, and as alleged by SAIC in its Counterclaim and Cross-Claim for Interpleader, Gregory Frederick Kohlbach was employed by SAIC from December 7, 1992, until April 20, 2001.

5.      Upon information and belief, Gregory Frederick Kohlbach died on July 21, 2005.

6.      Upon information and belief, and as alleged by plaintiffs in their Amended Complaint, the plaintiff/defendant-in-counterclaim Judith Kohlbach Fulton is a citizen and resident of San Bernardino County, California, was Gregory Frederick Kohlbach's mother, and is the validly appointed administratrix of his estate.

7.      Upon information and belief, and as alleged by plaintiffs in their Amended Complaint, the plaintiff/defendant-in-counterclaim Gary A. Kohlbach is a citizen and resident of Broward County, Florida, and is Gregory Frederick Kohlbach's brother.

8.      Upon information and belief, and as alleged by plaintiffs in their Amended

Complaint, the defendant/defendant-in-cross-claim Madeline A. Harrison was married to Gregory Frederick Kohlbach from 1992 to 2000 and is a citizen and resident of Henderson County, North Carolina.

9.     Gregory Frederick Kohlbach was, at the time of his death, a participant in two employee pension benefit plans sponsored and administered by SAIC, the Science Applications International Corporation 401(k) Profit Sharing Plan (the "401(k) Profit Sharing Plan") and the Science Applications International Corporation Employee Stock Retirement Plan (the "Employee Stock Retirement Plan"). Both plans at issue are subject to provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). On January 1, 2006, the 401(k) Profit Sharing Plan and the Employee Stock Retirement Plan combined to form the Science Applications International Corporation Retirement Plan.

10.     At the time of Decedent's death, VFTC served as a directed trustee of the 401(k) Profit Sharing Plan and the Employee Stock Retirement Plan, and VGI acted as a record keeper for those plans.

11.     Upon information and belief, Gregory Frederick Kohlbach's individual accounts in the 401(k) Profit Sharing Plan and the Employee Stock Retirement Plan each contained a balance at the time of his death, which are to be distributed to either his beneficiary or his estate according to the terms of the respective plan documents.

12.     Upon information and belief, and as alleged by SAIC in its Counterclaim and Cross-Claim for Interpleader, following Gregory Frederick Kohlbach's death, defendant/ defendant-in-cross-claim Harrison made a claim as the alleged rightful beneficiary of Gregory Frederick Kohlbach's individual account balances in the 401(k) Profit Sharing Plan and the SAIC Employee Stock Retirement Plan.

13.     Upon information and belief, and as alleged by SAIC in its Counterclaim and Cross-Claim for Interpleader, following Gregory Frederick Kohlbach's death, plaintiffs/ defendants-in-counterclaim also made a claim as the alleged rightful beneficiaries of Gregory Frederick Kohlbach's individual account balances in the 401(k) Profit Sharing Plan and the Employee Stock Retirement Plan.

14.     Upon information and belief, and as alleged by SAIC in its Counterclaim and Cross-Claim for Interpleader, SAIC has received multiple and conflicting claims for Gregory Frederick Kohlbach's individual account balances in the 401(k) Profit Sharing Plan and the Employee Stock Retirement Plan from, as aforesaid, Gregory Frederick Kohlbach's estate through plaintiff/defendant-in-counterclaim Fulton, from plaintiff/defendant-in-counterclaim Kohlbach, and from Gregory Frederick Kohlbach's ex-wife, defendant/defendant-in-cross-claim Harrison.

15.     The pleadings filed in this case are further evidence of the multiple and conflicting claims for Gregory Frederick Kohlbach's individual account balances in the 401(k) Profit Sharing Plan and the Employee Stock Retirement Plan.

16.     Upon information and belief, as evidenced by the pleadings in this case, SAIC is in doubt as to the proper beneficiaries under each plan at issue.

17.     The Vanguard Defendants are also in doubt as to the proper beneficiaries under each plan at issue.

18.     The Vanguard Defendants claim no interest in the money in the accounts at issue, the sum of which is payable by reason of Gregory Frederick Kohlbach's death.

19.     The money in the accounts at issue is to be paid by reason of Gregory Frederick Kohlbach's death; however, upon information and belief, SAIC believes it will be exposed to

multiple liabilities if it directs payment of assets in the accounts at issue to any of the conflicting claimants. Likewise, the Vanguard Defendants believe they will be exposed to multiple liabilities if assets in the accounts at issue is paid to any of the conflicting claimants.

20.     Upon information and belief, and as alleged by SAIC in its Counterclaim and Cross-Claim for Interpleader, the defendants-in-counterclaim/cross-claim in this action include all persons who have made claims to Gregory Frederick Kohlbach's plan accounts and who are known to have possible claims to the benefits in each plan.

21.     Upon information and belief, and as alleged by SAIC in its Counterclaim and Cross-Claim for Interpleader, SAIC does not have an independent interest as to how the conflicting claims to Gregory Frederick Kohlbach's individual account balances in each plan are resolved by the Court.

22.     The Vanguard Defendants do not have an independent interest as to how the conflicting claims to Gregory Frederick Kohlbach's individual account balances in each plan are resolved by the Court.

23.     Because the Vanguard Defendants and SAIC do not have an independent interest in how the conflicting claims are resolved, the Vanguard Defendants should at the direction of SAIC be permitted to deposit the plan assets at issue with the Clerk of Court for deposit into the Court's registry, to be discharged fully and finally from this action, and to recover attorneys' fees and costs incurred by them in this civil action.

WHEREFORE, The Vanguard Defendants pray that:

1.      The plaintiffs have and recover nothing of the Vanguard Defendants in this action, and that the amended complaint be dismissed with prejudice;

2.      The Court enter an Order permitting SAIC to direct the Vanguard Defendants to

deposit Gregory Frederick Kohlbach's individual account balances in each plan at issue with the Clerk of Court;

    3.      The Court enter an Order dismissing with prejudice all claims against the Vanguard Defendants following such deposit;

    4.      The Court enter an Order restraining plaintiffs/defendants-in-counterclaim Fulton and Kohlbach and defendant-in-crossclaim Harrison from initiating any action against the Vanguard Defendants with respect to Gregory Frederick Kohlbach's individual account balances in each plan at issue;

    5.      The Court tax the Vanguard Defendants' costs and reasonable attorneys' fees, including the costs and attorneys fees incurred in bringing this interpleader action, against plaintiffs/defendants-in-counterclaim; and

    6.      The Court award the Vanguard Defendants such other and further relief as it deems just and proper.

This the 18th day of December, 2006.

                                      MAUPIN TAYLOR, P.A.

                                        /s/ Mark S. Thomas
                                        N.C. State Bar No. 8534
                                        /s/ Jonathan R. Bumgarner
                                        N.C. State Bar No. 31427
                                        Attorneys for Defendants The Vanguard Group, Inc., and Vanguard Fiduciary Trust Company
P.O. Drawer 19764
Raleigh, NC 27619-9764
Telephone: (919) 981-4000
Fax: (919) 981-4300
mthomas@maupintaylor.com
jbumgarner@maupintaylor.com

CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2006, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel

for all parties of record.

MAUPIN TAYLOR, P.A.

/s/ Mark S. Thomas
N.C. State Bar No. 8534
Attorneys for Defendant The Vanguard Group, Inc.
3200 Beechleaf Court, Suite 500
Post Office Drawer 19764
Raleigh, North Carolina 27619-9764
Telephone: (919) 981-4000
Facsimile: (919) 981-4300
E-mail: mthomas@maupintaylor.com