| | |
|---|---|
| JUDITH KOHLBACH FULTON, ) | |
| as Administratrix of the Estate of ) | |
| Gregory Frederick Kohlbach, and ) | |
| GARY A. KOHLBACH, ) | |
| ) | |
| Plaintiffs, ) | BRIEF IN RESPONSE TO THE |
| ) | MOTIONS OF DEFENDANTS |
| vs. ) | SAIC AND VANGUARD FOR |
| ) | PARTIAL DISMISSAL |
| MADELINE A. HARRISON, ) | |
| SCIENCE APPLICATIONS ) | |
| INTERNATIONAL CORPORATION, ) | |
| THE VANGUARD GROUP, INC., and, ) | |
| VANGUARD FIDUCIARY TRUST ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

___

NOW COMES Plaintiff Judith Kohlbach Fulton, as Administratrix of the Estate of Gregory Frederick Kohlbach ("Estate"), pursuant to Local Civil Rule 7.1, EDNC, and hereby submits this Brief in response to the Motions by Defendants Science Applications International Corporation ("SAIC"), The Vanguard Group, Inc. ("Vanguard"), and Vanguard Fiduciary Trust Company ("Vanguard Fiduciary") for an Order dismissing the Estate's claim for breach of fiduciary duty under 29 U.S.C. §1132(a)(3). Plaintiff has not asserted a fiduciary duty claim against Vanguard Fiduciary and therefore consents to Vanguard Fiduciary's dismissal from this action once it deposits the contested funds in the Court's registry pursuant to its interpleader claim. (*See*, *Plaintiffs' Reply to Counterclaim of Defendants Vanguard, Prayer for Relief,* DE 53)

However, Plaintiff opposes the Motions of Defendants SAIC and Vanguard for partial dismissal and requests that they be denied. SAIC and Vanguard have moved to dismiss the Estate's breach of fiduciary duty claim on the grounds that the Estate is seeking relief that is neither "appropriate" nor "equitable" under 29 U.S.C. §1132(a)(3). Defendants' arguments are misplaced. The relief that the Estate seeks is "appropriate" because the claim has been asserted in the alternative to its action for benefits and seeks to remedy fiduciary misconduct that is completely unrelated to the administrative claims review process. In addition, the Estate seeks two forms of permissible "equitable" relief: (1) an injunction ordering Defendants SAIC and Vanguard to recognize that Decedent had "No Beneficiary on File" at the time of his death as falsely stated in its account statements, and (2) an injunction ordering these Defendants to provide plan participants, like Decedent, with accurate beneficiary information in the plans' account statements.

## SUMMARY OF THE NATURE OF THE CASE

On July 21, 2005, Gregory Frederick Kohlbach ("Decedent") died intestate. At the time of his death, Decedent had two individual retirement accounts that were administered by Defendant SAIC.

Plaintiff Judith Kohlbach Fulton is the Decedent's mother and the Administratrix of his Estate. Plaintiff Gary Kohlbach is the Decedent's brother. This is an action by them to recover benefits under the statutory and common law of ERISA from Decedent's two retirement accounts. The Estate has also asserted, in the alternative, a claim for breach of fiduciary duty against Defendants SAIC and Vanguard.

On July 6, 2006, Plaintiffs instituted this action by filing a Complaint in the Superior Court of Wake County against Defendants. On August 7, 2006, Plaintiffs' action was removed to this Court. [DE 1].

On November 16, 2006, Plaintiffs filed, with leave of court, an Amended Complaint. Plaintiffs asserted three claims for relief: (1) an action to recover benefits pursuant to 29 U.S.C. §1132(a)(1)(B), (2) a claim for breach of fiduciary duty pursuant to 29 U.S.C. §1132(a)(3), and (3) a claim for waiver pursuant to federal common law.[1] [DE 30].

The second claim for relief was asserted in the alternative by the Estate and sought an injunction ordering Defendants SAIC and/or Vanguard to recognize Decedent's Estate as the beneficiary of his retirement accounts or such other appropriate equitable relief as the Court deems proper. (*Amended Complaint* at ¶¶5, 60-67, 90-103, *Prayer for Relief* at ¶5)

On December 15, 2006, Defendant SAIC filed a Motion for partial dismissal of the Estate's claim for breach of fiduciary duty and submitted a supporting Memorandum. [DE 40-41]. On December 18, 2006, Defendants Vanguard also filed a Motion for partial dismissal of the Estate's fiduciary duty claim and submitted a supporting Memorandum incorporating SAIC's arguments. [DE 43-44].

On January 3, 2007, the Honorable Louise W. Flanagan, Chief U.S. District Court Judge, issued an Order allowing Plaintiffs to file this response Brief on or before January 29, 2007. [DE 49].

---

[1] In addition to a statutory claim for benefits, the Estate and Plaintiff Gary A. Kohlbach ("Kohlbach") have asserted a federal common law claim of waiver, as recognized by *Estate of Altobelli v. International Business Machines Corp.*, 77 F.3d 78 (4th Cir. 1996)(holding that, as a matter of federal common law, a nonparticipant beneficiary can waive her right to retirement benefits through a divorce decree).

3

The Motions for partial dismissal are before the Court. The Court's ruling upon these Motions will also resolve Defendant SAIC's Interpleader Motion [DE 26] as noted in an Order issued by the Honorable David W. Daniel, U.S. Magistrate Judge, on January 10, 2007. [DE 58].

## STATEMENT OF THE FACTS

On July 21, 2005, Decedent died intestate in Durham County, North Carolina, without a wife or any children. (*Amended Complaint* at ¶36) When he died, Decedent had individual retirement accounts with two plans administered and sponsored by Defendant SAIC: (1) a 401(k) account and (2) an Employee Stock Retirement Plan ("ESRP") account. (*Id.* at ¶¶23-25, 38) Defendant Vanguard Fiduciary, a subsidiary of Vanguard, was the trustee for these plans. (*Id.* at ¶¶33-34) Defendant Vanguard served as a fiduciary to the plans and provided, in conjunction with Defendant SAIC, quarterly and annual account statements to the plans' participants. (*Id.* at ¶¶28, 60-61, 92, 95)

On December 8, 1992, Decedent executed a Beneficiary Designation Form for the SAIC CODA and Profit Sharing Retirement plans. These plans were subsequently combined to form the 401(k) plan. (*Id.* at ¶¶43, 47) In the Designation Form, Decedent named his then-spouse, Defendant Madeline Harrison, as the primary beneficiary of this account and his brother, Plaintiff Kohlbach, as the contingent beneficiary. (*Id.* at ¶44) According to the information available to the Plaintiffs, the Beneficiary Designation Form did not apply to Decedent's ESRP account and, upon information and belief, Decedent never designated a beneficiary for this

4

account.[2]  (*Id.* at ¶¶45-46)

On September 25, 2000, the marriage of Decedent and Defendant Harrison was dissolved by a Stipulated Judgment of Dissolution of Marriage ("Divorce Judgment").  (*Id.* at ¶49, Ex. 1) At the time of his divorce, Decedent had accounts in SAIC's 401(k) and ESRP plans.  (*Id.* at ¶¶ 50-51)  Under the terms of the Divorce Judgment, Decedent was awarded these retirement accounts free and clear of any claims of Defendant Harrison.  (*Id.* at ¶53)

The Estate believes that Decedent disclosed the terms of his Divorce Judgment to Defendant SAIC and that he subsequently revoked the December 8, 1992 Beneficiary Designation Form.[3]  (*Amended Complaint* at ¶58)  Indeed, from December 31, 2000 through June 30, 2005, Defendants SAIC and Vanguard sent quarterly and account statements to Decedent which stated that he had "No Beneficiary on File" for either plan account.  (*Id.* at ¶¶60-63, 95-96)

However, after Decedent's death, Defendant SAIC denied the Estate's claim for benefits on the grounds that the 1992 Beneficiary Designation Form governed the distribution of the funds in the 401(k) and ESRP accounts.  (*Id.* at ¶¶68-69, 73)  If SAIC's denial of benefits was appropriate, then Decedent had a valid beneficiary designation on file between December 31, 2000 and June 30, 2005.  (*Id.* at ¶99)  Thus, SAIC and Vanguard provided him with false and misleading beneficiary information during the five years preceding his death.  (*Id.* at ¶¶ 65-66,

---

[2]  Following Decedent's death, Defendant SAIC took the position that the Beneficiary Designation Form does apply to Decedent's ESRP account.  (*Id.* at ¶¶68-69)

[3]  In its original interpleader claim, SAIC alleged that Decedent "did not disclose the terms of his divorce to SAIC."  (*Counterclaim for Interpleader* at ¶9, DE 8)  Yet, when SAIC reasserted its interpleader in response to Plaintiffs' Amended Complaint, this allegation was conspicuously absent from its pleading.  (*Counterclaim for Interpleader* at ¶9, DE 39)

5

99) Under these circumstances, the Estate seeks an injunction ordering these Defendants to recognize that Decedent had "No Beneficiary on File" at the time of his death as a remedy for breaching their fiduciary duties. The Estate also seeks an injunction ordering these Defendants to provide plan participants with accurate beneficiary information in plan account statements.

## ARGUMENT

I. **THE MOTIONS TO DISMISS THE ESTATE'S CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST DEFENDANTS SAIC AND VANGUARD SHOULD BE DENIED.**

　　A. **LAW GOVERNING BREACH OF FIDUCIARY DUTY CLAIMS UNDER 29 U.S.C. §1132(a)(3).**

An individual plan participant or beneficiary may pursue a claim for breach of fiduciary duty under 29 U.S.C. §1132(a)(3) of ERISA. *Varity Corp. v. Howe*, 516 U.S. 489, 507-15, 116 S.Ct. 1065, 1075-79 (1996); *Griggs v. E.I. Dupont De Nemours & Co.*, 237 F.3d 371, 384-86 (4th Cir. 2001). In order to establish such a claim, a plaintiff "must show: (1) that defendants were fiduciaries of the ERISA plan; (2) that defendants breached their fiduciary responsibilities under the plans; and (3) that the participant is in need of injunctive or 'other appropriate equitable relief' from the court to remedy the violation or enforce the plan." *Blair v. Young Phillips Corp.*, 235 F.Supp.2d 465, 470 (M.D.N.C. 2002)(*citing*, *Griggs,* 237 F.3d at 379-80). A plan beneficiary cannot merely recast a claim based upon the fiduciary's alleged mishandling of an isolated claim for benefits in the form of a breach of duty. *Kopicki v. Fitzgerald Auto. Family Employee Benefits Plan*, 121 F.Supp.2d 467, 483 (D. Md. 2000) (*citing*, *Coyne & Delany Co. v. Blue Cross & Blue Shield*, 102 F.3d 712, 715 (4th Cir. 1996)). "Rather the allegations, if proven true, must establish a breach of fiduciary duty independent of the contested denial of benefits." *Kopicki*, 121 F.Supp.2d at 483 (*citing*, *Smith v. Sydnor*, 184 F.3d 356, 362 (4th Cir. 1999)).

6

**B.     SUMMARY OF ARGUMENT.**

Defendants SAIC and Vanguard do not contest the sufficiency of the allegations in the Amended Complaint to establish the first two elements of a breach of fiduciary duty claim. Rather, Defendants contend that the Estate's claim should be dismissed because it seeks relief that is neither appropriate nor equitable. (*SAIC Memorandum* at pp. 6-15, DE 42; *Vanguard Memorandum* at p. 2, DE 44)

Defendants' Motions for partial dismissal should be denied because the Estate is seeking, in the alternative, appropriate relief to remedy fiduciary misconduct that occurred outside of the administrative claims review process. The Motions should also be denied because the Estate is seeking permissible equitable relief in the form of an injunction ordering Defendants (1) to recognize that Decedent had "No Beneficiary on File" at the time of his death and (2) to provide accurate beneficiary information in plan account statements.

**C.     STANDARD OF REVIEW.**

In reviewing a motion to dismiss, the court must accept the well-pled allegations of the complaint as true and construe the facts and the reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Chisolm v. TranSouth Financial Corp.*, 95 F.3d 331, 334 (4th Cir. 1996). The court must be mindful that the Federal Rules of Civil Procedure only require "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103 (1957). A motion to dismiss under Rule 12(b)(6) must be denied unless the plaintiff cannot prove any set of facts which would entitle him or her to relief. *Mylan Labs. Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

7

The court must also be mindful that a party is entitled under Rule 8(e)(2) of the Federal Rules of Civil Procedure to plead alternative or inconsistent claims. *United Roasters, Inc. v. Colgate-Palmolive Co.*, 649 F.2d 985, 990 (4th Cir. 1981). A plaintiff does not need to use particular words to plead in the alternative as long as the alternative pleading can be reasonably inferred from the complaint. *G-I Holdings, Inc. v. Baron & Budd*, 238 F.Supp.2d 521, 536 (S.D.N.Y. 2002)(*quoting*, *Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir.), *cert. denied*, 531 U..S. 880, 121 S.Ct. 191 (2000)). The Fourth Circuit has recognized that a plaintiff may pursue alternative claims, however inconsistent, with a final election postponed to a later stage of the action either after evidence has been presented or after the fact-finder has made its findings on both alternatives. *United Roasters, Inc.*, 649 F.2d at 990-91 (*citations omitted*).

**D.    THE ESTATE'S CLAIM FOR BREACH OF FIDUCIARY DUTY SEEKS APPROPRIATE RELIEF UNDER 29 U.S.C. §1132(a)(3).**

The Estate's claim for breach of fiduciary duty is authorized by 29 U.S.C. §1132(a)(3) which allows a civil action to be brought:

> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter [Protection of Employee Benefit Rights] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. §1132(a)(3)(2006). In *Varity*, the United States Supreme Court observed that a breach of fiduciary duty claim is "appropriate" when the ERISA statutes do not otherwise provide adequate relief for a claimant's injury. *Varity*, 516 U.S. at 515, 116 S.Ct. at 1079. Thus, in analyzing whether a claimant seeks "appropriate" relief under 29 U.S.C. §1132(a)(3), the court must determine "whether the claimant's injury is addressed by ERISA's other provisions and whether those provisions afford adequate relief." *Korotynska v. Metropolitan Life Ins. Co.*, ___

8

F.3d ___, No. 05-1613, slip op. at 7 (4th Cir. 2006)(attached as Ex. B to *SAIC Memorandum*).

Defendants contend that the Estate's claim for breach of fiduciary duty is adequately addressed by its claim for benefits under 29 U.S.C. 1132(a)(1)(B). In support of this argument, Defendants cite a series of cases which hold that a claim for breach of fiduciary duty cannot be based upon the fiduciary's improper handling of a claim for benefits. *See*, *Edmonds v. Hughes Aircraft Co.*, No. 97-1431 (4th Cir. May 8, 1998)(unpublished opinion attached as Ex. A to *SAIC Memorandum*)(plaintiff alleged that the fiduciary had a conflict of interest in the handling of her claim for disability benefits); *Korotynska* (plaintiff alleged that a fiduciary's claims procedures were designed to deny valid claims for disability benefits); *Sawyer*, 417 F.Supp.2d 730 (E.D.N.C. 2006)(plaintiff alleged that a fiduciary wrongfully denied her claim for accidental death and dismemberment benefits); *Hoyle v. Liberty Life Assur. Co. of Boston, Inc.*, 291 F.Supp.2d 414 (W.D.N.C. 2003)(plaintiff alleged that a fiduciary wrongfully denied her claim for disability benefits); *Kopicki*, *supra* at p. 6 (plaintiffs alleged that the fiduciary improperly interceded in the claims investigation process and then wrongly denied their claim for health insurance coverage); *Atwater v. Nortel Networks, Inc.*, 394 F.Supp.2d 730 (M.D.N.C. 2005)(plaintiff alleged that fiduciary improperly distributed life insurance benefits to the participant's killer); *Blair*, *supra* at p. 6 (plaintiff alleged that defendants breached their fiduciary duties in the handling of his claim for severance benefits and his claim for future employment benefits).[4] The rationale behind these cases is that if a fiduciary obligation was breached during

---

[4] Defendants also cite *Coyne & Delany Co. v. Blue Cross & Blue Shield*, 102 F.3d 712 (4th Cir. 1996). In *Coyne*, the Fourth Circuit held that a claim by a fiduciary for benefits under 29 U.S.C. §1132(a)(3) is not appropriate relief because ERISA does not permit a fiduciary to recover benefits. *Coyne* is clearly distinguishable from this case because the Estate is not asserting its claim as a plan fiduciary.

9

the administrative claims review process, it will be adequately addressed by the court in reviewing the claimant's entitlement to benefits. However, if 29 U.S.C. §1132(a)(1)(B) "does not provide the sole basis for an adequate remedy, a claim under subsection 1132(a)(3) may also be asserted." *Atwater*, 394 F.Supp.2d at 732 (*citing*, *Magliulo v. Metropolitan Life Ins. Co.*, 331 F.Supp.2d 279 (S.D.N.Y. 2004)).

In contrast to the cases cited by Defendants, the Estate has asserted a fiduciary claim that is not based upon the handling of its claim for retirement benefits. Rather, the Estate has alleged, in the alternative, that Defendants SAIC and Vanguard breached their fiduciary duties to Decedent by making material misrepresentations concerning the beneficiary of his retirement accounts. (*Amended Complaint* at ¶¶66-67, 99-101) These misrepresentations occurred during the five years preceding his death and not during the administrative claims review process.

Moreover, the Estate's claim has been asserted in the alternative because 29 U.S.C. §1132(a)(1) may not provide adequate relief. As noted in pages 9-10 of *Plaintiffs' Brief in Response to Defendant SAIC's Motion to Deposit Funds Pursuant to Interpleader* [DE 28], the evidence in this case may reasonably establish that Defendant Harrison is entitled to recover the retirement benefits because Defendants SAIC and Vanguard only have the Decedent's 1992 Beneficiary Designation Form on file. At the same time, the evidence may show that Decedent notified SAIC and/or Vanguard of the Divorce Judgment and requested that the 1992 Form be cancelled. However these Defendants failed to properly inform Decedent of the necessary plan procedures to cancel the prior designation. Defendants SAIC and Vanguard compounded this error by changing Decedent's account information so that from December 31, 2000 through June

30, 2005, his account statements incorrectly showed that he had "No Beneficiary on File."[5] Under these circumstances, the Estate will not be entitled to relief under 29 U.S.C. §1132(a)(1)(B) due to Defendants' failure to comply with their fiduciary obligations to Decedent.

The Estate's claim for breach of fiduciary duty arises from alleged misconduct that is wholly unrelated to the handling of its claim for benefits. If no misconduct occurred, the Estate will have an adequate remedy under 29 U.S.C. §1132(a)(1)(B). However, if Defendants breached their fiduciary obligations to Decedent, the Estate will not have an adequate remedy in the absence of a claim under 29 U.S.C. §1132(a)(3). Plaintiff therefore requests that the Court allow it to proceed with its alternate claim for breach of fiduciary duty.

### E. THE ESTATE'S CLAIM FOR BREACH OF FIDUCIARY DUTY SEEKS PERMISSIBLE EQUITABLE RELIEF UNDER 29 U.S.C. §1132(a)(3).

In order to remedy a breach of fiduciary duty, a claimant is entitled to "those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Mertens v. Hewett Assoc.*, 508 U.S. 248, 256, 113 S.Ct. 2063, 2069 (1993). Once a court finds that a defendant breached its fiduciary obligations to a participant or beneficiary, it must determine the type of equitable relief that should be allowed. *See*, Fed. R. Civ. Pro. 54(c)(2006)("every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings). The U.S. Supreme Court and the U.S. Courts of Appeal (including the Fourth

---

[5] Once discovery is conducted, the evidence may also show that Defendants SAIC and Vanguard knew that the plan account statements had incorrect beneficiary information and that these Defendants failed to disclose this error to plan participants, including Decedent.

11

Circuit) have observed that the following types of equitable relief are available under 29 U.S.C. §1132(a)(3):

- Restitution for benefits deprived to retirees due to fiduciary's material misrepresentations and an injunction reinstating them under the terms of the plan, *Howe v. Varity Corp.*, 36 F.3d 746 (8th Cir. 1994), *aff'd by*, 516 U.S. 489, 116 S.Ct. 1065 (1996);

- Injunction requiring a fiduciary to pay supplemental accidental death and dismemberment benefits to a participant's estate due to material misrepresentations regarding the available coverage, *Curicio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226 (3rd Cir. 1994);

- Injunction ordering specific performance of a fiduciary's misrepresentations that retirees would receive medical benefits for life, *In re Unisys Corp. Retiree Medical Benefit "ERISA" Litigation*, 57 F.3d 1255 (3rd Cir. 1995)(also noting that restitutionary reimbursement for back benefits and rescission of retirement agreements could be available);

- Restitution of a participant's vested interest in a retirement plan, *Ream v. Frey*, 107 F.3d 147 (3rd Cir. 1997);

- Injunction ordering payment to beneficiary of supplemental life insurance benefits due to fiduciary's negligence in handling a life insurance application, *Strom v. Goldman, Sachs & Co.*, 202 F.3d 138 (2nd Cir. 1999);

- Reinstatement to job in order to redress fiduciary's misrepresentations concerning the tax consequences of receiving early retirement benefits, *Griggs v. E.I. DuPont De Nemours & Co.*, 237 F.3d 371 (4th Cir. 2001);

- Injunction requiring fiduciary to modify its retirement plan to reinstate terminated plan participants, *Matthews v. Chevron Corp.*, 362 F.3d 1172 (9th Cir. 2004);

- Injunction requiring a fiduciary to notify participants that a spouse's eligibility for life insurance benefits terminated upon divorce or requiring the fiduciary to refund the premiums that were mistakenly paid by an ex-spouse who did not receive appropriate notice, *Callery v. United States Life Ins. Co.*, 392 F.3d 401 (10th Cir. 2004) (denying divorced spouse's claim for life insurance benefits, but observing that these were appropriate equitable remedies); and,

- Equitable lien imposed on specifically identifiable funds, *Sereboff v. Mid Atlantic Medical Servs., Inc.*, ___ U.S. ___, 126 S.Ct. 1869 (2006).

12

In this case, Defendants contend that the Estate is actually seeking to recover compensatory damages through its breach of fiduciary duty claim. In support of this contention, Defendants cite a series of cases which hold that monetary damages are not available under 29 U.S.C. §1132(a)(3). *See*, *LaRue v. DeWolff, Boberg & Assoc., Inc.*, 450 F.3d 570 (4th Cir. 2006) (holding that the payment of investment losses into a participant's retirement account constituted compensatory damages rather than equitable restitution); *Rego v. Westvaco Corp.*, 319 F.3d 140, (4th Cir. 2003)(holding that the issuance of company stock to remedy valuation losses in a retirement account would compensate the plaintiff rather than restore him to the position he would have occupied had the misrepresentations never occurred); *Scott v. American Nat'l Red Cross*, No. 05-1284 (4th Cir. October 11, 2005)(unpublished opinion attached as Ex. C to *SAIC Memorandum*)(holding that plaintiffs were only entitled to relief under an action for benefits and any damages received under a separate claim for breach of fiduciary duty would be compensatory in nature); *Callery*, *supra* at p. 12 (holding that an award of life insurance benefits was not equitable restitution and that the plaintiff was only entitled to a refund of her premium payments following her divorce from the plan participant).

In contrast to these cases, the Estate is not seeking to recover monetary damages from Defendants SAIC or Vanguard. Rather, the Estate seeks equitable relief in the form of an injunction ordering these Defendants (1) to recognize that Decedent had "No Beneficiary on File" at the time of his death[6] and (2) to provide plan participants with account statements that contain accurate beneficiary information. The first form of injunctive relief does not award the

---

[6] Under the terms of the plans, if the Decedent did not designate a beneficiary for his retirement accounts, the Estate would be the default beneficiary. (*Amended Complaint* at ¶64)

13

Estate compensatory damages as contended by Defendants. It simply restores the Decedent to the position that he would have occupied had the Defendants properly processed his request to revoke the 1992 Beneficiary Designation Form and had they provided him with accurate account disclosures.[7] *See Howe*, 36 F.3d at 756 (observing that appropriate equitable relief should restore the claimant to the position that he would have occupied had the misrepresentations never occurred); *accord*, *Curicio v. John Hancock Mut. Life Ins. Co.*, *supra* at p. 12, *Strom v. Goldman, Sachs & Co.*, *supra* at p. 12. The second form of injunctive relief also does not award compensatory damages to the Estate. Rather, it seeks to require Defendants to provide plan participants with accurate beneficiary information in their account statements. This type of relief is purely equitable in nature and appropriate under the circumstances. Defendants' Motions should therefore be denied because the Estate's claim for breach of fiduciary duty seeks permissible equitable relief to remedy Defendants' misconduct.

## CONCLUSION

WHEREFORE, Plaintiff Judith Kohlbach Fulton, as Administratrix of Decedent's Estate, requests that the Court issue an Order denying the Motions by Defendants SAIC and Vanguard for partial dismissal of the Estate's alternative claim for breach of fiduciary duty and denying Defendant SAIC's request to be dismissed from this action in its Interpleader Motion.

The Estate further requests that the Court issue an Order allowing Defendant Vanguard Fiduciary to be dismissed from this action once it deposits the disputed funds into the Court's registry and allowing such other relief as the Court may deem appropriate.

---

[7] The terms of the Divorce Judgment raise a reasonable inference that Decedent did not intend for Defendant Harrison to be the beneficiary of his retirement accounts following their divorce.

This the 29th day of January, 2007.

                /s/ Carlos E. Mahoney
                Carlos E. Mahoney
                Counsel for Plaintiffs
                Glenn, Mills & Fisher, P.A.
                P. O. Drawer 3865
                Durham, North Carolina 27702-3865
                Telephone: (919) 683-2135
                Fax: (919) 688-9339
                cmahoney@gmf-law.com
                N.C. State Bar No. 26509

**CERTIFICATE OF SERVICE**

I, Carlos E. Mahoney, hereby certify that on January 29, 2007, I electronically filed the foregoing document entitled, **Brief in Response to the Motions of Defendants SAIC and Vanguard for Partial Dismissal**, with the Clerk of Court for the Eastern District of North Carolina using the CM/ECF system which will send notification of the filing to the following CM/ECF participants: Gavin Parsons for Defendant Harrison, Gregory P. Chocklett for Defendant SAIC, and Mark Thomas and Jonathan Bumgarner for Defendants Vanguard, and I hereby certify that I have mailed the document to the following non-CM/ECF participants:

>   Ms. Karen Wahle
>   O'Melveny & Myers
>   1625 Eye Street, NW
>   Washington, D.C. 20006
>   Counsel for Defendant SAIC

>   Respectfully submitted,
>
>   /s/ Carlos E. Mahoney
>   Carlos E. Mahoney
>   Counsel for Plaintiffs
>   Glenn, Mills & Fisher, P.A.
>   P. O. Drawer 3865
>   Durham, North Carolina 27702-3865
>   Telephone: (919) 683-2135
>   Fax: (919) 688-9339
>   cmahoney@gmf-law.com
>   N.C. State Bar No. 26509