IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:06-CV-311-FL

| | |
|---|---|
| JUDITH KOHLBACH FULTON, as Administratrix of the Estate of Gregory Frederick Kohlbach and GARY A. KOHLBACH,<br><br>Plaintiffs,<br><br>v.<br><br>MADELINE A. HARRISON, SCIENCE APPLICATIONS INTERNATIONAL CORPORATION, THE VANGUARD GROUP, INC., and VANGUARD FIDUCIARY TRUST COMPANY,<br><br>Defendants. | **REPLY OF DEFENDANTS THE VANGUARD GROUP, INC., AND VANGUARD FIDUCIARY TRUST COMPANY IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL** |

Defendants, The Vanguard Group, Inc. and Vanguard Fiduciary Trust Company (collectively "the Vanguard Defendants"), by and through counsel, respectfully submit this Reply to Plaintiff Judith Kohlbach's "Brief in Response to the Motions of Defendants SAIC and Vanguard for Partial Dismissal" [Dkt. #59](hereinafter "Plaintiff's Response").[1]

ARGUMENT

For purposes of this reply, the Vanguard Defendants adopt and incorporate by reference the authorities cited and arguments made by Defendant SAIC in its Reply filed in this cause on February 15, 2007. As shown therein, Plaintiff's Count Two shows no cognizable grounds to seek the relief Plaintiff demands, under 29 U. S. C. § 1132(a)(3). The first prong of Plaintiff's proposed relief under Count Two – an order requiring Defendants SAIC and The Vanguard

---

[1] On the first page of the Response, Plaintiff clarifies that she "has not asserted a fiduciary duty claim against Vanguard Fiduciary [Trust Company] and therefore consents to Vanguard Fiduciary's dismissal from this action once it deposits the contested funds in the Court's registry pursuant to its interpleader claim." The contested assets have now been paid into the Court. Accordingly, Vanguard Fiduciary Trust Company should be dismissed from the action.

RALEIGH\515245_1

Group to "recognize the Decedent's Estate as the beneficiary of his Plan Accounts" (*see* Plaintiff's Response at 2) – is no more in substance than a demand for the award of benefits sought under Plaintiff's Count One, pursuant to 29 U.S.C. § 1132 (a)(1)(B), and therefore is not "appropriate equitable relief" under 29 U.S.C. § 1132(a)(3). Korotynska v. Metropolitan Life Ins. Co., 474 F.3d 101 (4th Cir. 2006). Plaintiff's other proposed "appropriate equitable relief" seeks an order that The Vanguard Group and SAIC provide participants with accurate account information. *See* Plaintiff's Response at 2. Plaintiff lacks standing to pursue such a "remedy," since Plaintiff represents a party no longer participating in the Plan. *See* In re Mutual Funds Inv. Litigation, 403 F. Supp. 434, 443 (D. Md. 2005); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100-101 (2d Cir. 2005). Notably, Plaintiff's second "equitable remedy" was not demanded in the Amended Complaint but has appeared only now in the Plaintiff's Response. It is plainly nothing but an after-thought.

Plaintiff's listing of various cases in which appropriate equitable relief was considered or allowed (*see* Plaintiff's Response at 12) is inapposite and irrelevant. Plaintiff does not show how the particular remedies in the differing circumstances of those cases could apply to her own claim. To the contrary, as set forth in SAIC's primary brief at 6-14 (which the Vanguard Defendants adopted in their primary brief in support of the present motion, dated December 18, 2006), and in SAIC's Reply, Plaintiff is not seeking "appropriate equitable relief" as the United States Supreme Court allowed in Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002), or in subsequent decisions of the Fourth Circuit, e.g., Korotynska, supra.

In short, the dispute properly before the Court can be resolved as to the Vanguard Defendants and Defendant SAIC by permitting the deposit of the disputed funds into the Court (which the Court has already ordered and these defendants have already done), dismissing those

defendants from the case, and resolving the remaining dispute between the Plaintiffs and Defendant Harrison.

## CONCLUSION

For the reasons stated in the foregoing Argument and in the Argument set forth in the Vanguard Defendants' primary brief of December 18, 2006, the Vanguard Defendants' motion should be granted, Count Two of the Amended Complaint should be dismissed for failure to state a claim upon which relief can granted, and the Vanguard Defendants should be dismissed from the case entirely.

This the 15th day of February, 2007.

MAUPIN TAYLOR, P.A.

/s/ Mark S. Thomas
N.C. State Bar No. 8534
Attorneys for The Vanguard Defendants
P.O. Drawer 19764
Raleigh, NC 27619-9764
Telephone: (919) 981-4000
Fax: (919) 981-4300
mthomas@maupintaylor.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2007, I electronically filed the foregoing Reply of Defendants Vanguard Group, Inc. and Vanguard Fiduciary Trust Company with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for all parties of record.

                              MAUPIN TAYLOR, P.A.

                              /s/ Mark S. Thomas
                              N.C. State Bar No. 8534
                              Attorneys for the Vanguard Defendants
                              3200 Beechleaf Court, Suite 500
                              Post Office Drawer 19764
                              Raleigh, North Carolina 27619-9764
                              Telephone: (919) 981-4000
                              Facsimile:  (919) 981-4300
                              mthomas@maupintaylor.com