IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CV-311-FL

| | | |
|---|---|---|
| JUDITH KOHLBACH FULTON, as Administratrix of the Estate of Gregory Frederick Kohlbach, and GARY A. KOHLBACH, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| MADELINE A. HARRISON, SCIENCE APPLICATIONS INTERNATIONAL CORPORATION, THE VANGUARD GROUP, INC., and VANGUARD FIDUCIARY TRUST COMPANY | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the motions for partial dismissal (DE ## 40, 43) of defendants Science Applications International Corporation (hereinafter "SAIC"), Vanguard Group, Inc., and Vanguard Fiduciary Trust Company, filed December 15, 2006 and December 18, 2006 respectively. This matter also comes before the court on a motion from SAIC to deposit funds with the court, to be dismissed from the action, and for attorneys' fees (DE # 26). Fulton has responded to the motions for partial dismissal, indicating that plaintiffs do not assert a fiduciary duty claim against Vanguard Fiduciary and consenting to its dismissal from this action once appropriate funds are deposited in the court's registry.[1] As a result of deposits made by SAIC on February 14, 2007 and March 8, 2007, the contested assets have now been delivered to the court's registry, and

---

[1] Claim Two of plaintiffs' Amended Complaint (DE # 30), filed November 16, 2006, asserts a cause of action pursuant to 29 U.S.C. § 1132(a)(3)(B) for breach of fiduciary duty against defendants SAIC and Vanguard Group, omitting Vanguard Fiduciary as a party to this claim. (Pl.'s Am. Compl., pg. 12.)

Vanguard Fiduciary is accordingly dismissed from the action. In this posture the issues raised are ripe for adjudication. For the reasons that follow, defendants' motions for partial dismissal are granted.

## BACKGROUND

The relevant facts of the case, as alleged in the pleadings, are as follows. Gregory Kohlbach (hereinafter "decedent") was an employee of defendant SAIC from December 1992 until February 2000, and maintained retirement accounts with SAIC. Immediately after being hired, decedent filled out a Beneficiary Designation Form for his retirement accounts designating his wife at the time (defendant Harrison) the primary beneficiary, and his brother (plaintiff Gary Kohlbach) the contingent beneficiary for his retirement plans. (See Pl.'s Am. Compl., pp. 6-7.)

On September 25, 2000, decedent and defendant Harrison were divorced. The Stipulated Judgment of Dissolution of Marriage specifically awarded to decedent his SAIC retirement account in the portion of the divorce order dealing with division of personal property. (See Ex. 1 to Pls. Compl. at p.3 stating that the decedent was "awarded the personal property now in his possession, including the following subject to any encumbrance thereon, free and clear of any claim of Petitioner ... his SAIC retirement account").

Plaintiffs maintain that account statements received by the decedent mistakenly reported that no beneficiary was designated, where in actuality defendant Harrison remained as the beneficiary on file. Therefore, according to plaintiffs, the proper beneficiary is either decedent's estate or plaintiff Gary Kohlbach. On this basis plaintiffs assert that defendants violated their fiduciary duty to provide accurate and timely information concerning decedent's designated beneficiary, and that decedent detrimentally relied on the misleading account statements.

2

On July 5, 2006, plaintiffs initiated the instant action in the Superior Court of the State of North Carolina, Wake County. On August 7, 2006, defendant SAIC filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a), which provides that defendants may remove any civil action filed in state court over which the district courts of the United States have original jurisdiction. Original jurisdiction exists in this court by reason of 29 U.S.C. § 1332 and 28 U.S.C. § 1331. Plaintiffs' action seeks benefits and a declaration of entitlement to benefits provided by the terms of an "employee benefit plan," as defined by §3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3).

On August 14, 2006, following removal, SAIC filed an answer, and asserted a counterclaim and cross-claim for interpleader against plaintiffs and defendant Harrison, claiming no interest in the money at issue and requesting that the court permit SAIC to deposit the funds with the Clerk of the Court and dismissing SAIC thereafter. (DE # 6). On September 5, 2006, defendant Harrison filed an answer and asserted a counterclaim against plaintiffs, seeking a declaration that she is the rightful beneficiary of any retirement account funds. On November 30, 2006, plaintiffs filed an amended complaint, adding Vanguard Fiduciary as a party and asserting an additional claim of breach of fiduciary duty against SAIC and the Vanguard defendants.

On December 15, 2006, SAIC filed a partial motion to dismiss and an answer to the amended complaint, once again asserting a counterclaim and cross-claim for interpleader against plaintiffs and defendant Harrison. (DE ## 39, 40). On December 18, 2006, the Vanguard defendants filed a partial motion to dismiss and an answer to the amended complaint, once again asserting a counterclaim and cross-claim for interpleader against plaintiffs and defendant Harrison. That same day, defendant Harrison filed an answer to the amended complaint and asserted a counterclaim

3

against plaintiffs and a cross-claim against SAIC and the Vanguard defendants, seeking a declaration that she is the rightful beneficiary of any retirement account funds.

## STANDARD OF REVIEW

The purpose of a motion to dismiss, under Fed. R. Civ. P. 12(b)(6), is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). The court may dismiss a complaint for failure to state a claim only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993). Nevertheless, while the court must consider the facts in the light most favorable to the plaintiff, the court "need not accept the legal conclusions drawn from the facts [nor] . . . unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000); see also Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995) (stating that the court is not required to accept "conclusory allegations regarding the legal effect of the facts alleged"). In this way, a motion to dismiss "allows a court to eliminate actions that are fatally flawed in their legal premises." Parham v. Pepsico, Inc., 927 F. Supp. 177, 178 (E.D.N.C. 1995).

## DISCUSSION

A. Plaintiffs' breach of fiduciary duty claim

Pursuant to 29 U.S.C. § 1132(a)(3), a participant in or beneficiary of an ERISA-governed

4

plan may bring a civil action to obtain "appropriate equitable relief" for the breach of a fiduciary duty imposed by ERISA. Count Two of the amended complaint seeks redress for defendants' alleged failure to provide decedent with accurate information concerning beneficiary designations on file for the retirement plans at issue. Plaintiffs assert that as an ERISA fiduciary, defendants SAIC and Vauguard (hereinafter "defendants") had a duty to provide plan participants, including decedent, with accurate information and disclosures concerning beneficiary designations on file. (Pl.'s Am. Compl., pp. 12-14.) Plaintiffs request that the court issue an injunction ordering defendants to recognize decedent's estate as the beneficiary of his plan accounts, or grant such other equitable relief as the court deems appropriate. Id.

Plaintiffs' claim for breach of fiduciary duty is premised on ERISA § 502(a), providing in pertinent part:

> A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) *to obtain other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.

29 U.S.C. § 1132(a) (emphasis added). Individualized equitable relief under § 1132(a)(3) is normally appropriate only for injuries that do not find adequate redress in ERISA's other provisions. Varity Corp. v. Howe, 516 U.S. 489, 515 (1996). Plaintiffs' first claim for relief arises under 29 U.S.C.§ 1132(a)(1)(B), which provides "[a] civil action may be brought . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Here, because adequate relief is available for plaintiffs' injury through review of her individual benefits claim under § 1132(a)(1)(B), relief under § 1132(a)(3) is unavailable.

Assuming plaintiffs' allegations of beneficiary misrepresentation qualify them to bring a

5

claim under § 1132(a)(3), that statutory provision is only available for claims of breach of fiduciary duty in the circumstances outlined by the Supreme Court in Varity. See Korotynska v. Metro. Life Ins. Co., 474 F.3d 101, 104 (4th Cir. 2006). In Varity the Court held that § 1132(a)(3) authorizes some individualized claims for breach of fiduciary duty, but not where the plaintiff's injury finds adequate relief in another section of ERISA's statutory scheme. Varity, 516 U.S. at 512, 515. The Court considered the entirety of § 1132(a)(3) and concluded that the provision creates a "catchall" which "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." Id. at 512. Moreover, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" Id. at 515.

Plaintiffs attempt to distinguish the relief sought for defendants' alleged breach of fiduciary duty from that available under § 1132(a)(1)(B). Plaintiffs argue that the estate's breach of duty claim arises from alleged misconduct that is wholly unrelated to the handling of its claim for benefits and, as distinguished from Varity and Korotynska, the breach of fiduciary obligation arose prior to, not during, the administrative claims review process; thus rendering their principles inapplicable. However, in Korotynska the Fourth Circuit declared the determinative inquiry to be whether "Congress elsewhere provided adequate relief for a beneficiary's injury," not whether alleged misconduct occurred prior to or concurrent with administration of benefits. Korotynska, 474 F.3d at 105. Nor is it true, as plaintiffs assert, that the breach of fiduciary duty claim is wholly unrelated to the handling of benefits. Plaintiffs' second prayer for relief creates an identical result to that of a favorable ruling upon their first claim. Plaintiffs do not seek, nor could they, monetary damages under § 1132(a)(3) for defendants' alleged misconduct. Plaintiffs' request for an injunction declaring decedent's estate the plan beneficiary is a thinly veiled attempt to take two bites at the

6

same apple. The court finds indistinguishable plaintiffs' claims for relief arising under § 1132(a)(3) and § 1132(a)(1)(B); accordingly, plaintiffs' second claim for relief is dismissed.[2]

B. Order dated January 9, 2007, holding in abeyance whether SAIC should be dismissed from the action, and whether SAIC is entitled to attorneys' fees

Pursuant to court order dated January 9, 2007, and where the record reflects that SAIC has deposited decedent's retirement funds with the court's registry, having now been adjudicated free from liability for breach of fiduciary duty SAIC is dismissed with prejudice from this action.[3] The court now takes up defendant SAIC's motion for an award of attorneys' fees and costs generated in connection with its interpleader action (DE # 26).

An interpleader plaintiff may recover attorneys' fees in an ERISA case if the plaintiff is: "(1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." Septembertide Pub., B.V. v. Stein and Day, 884 F.2d 675, 683 (2d Cir. 1989). Disinterested shareholders are frequently awarded attorneys' fees in cases arising out of ERISA-covered employee benefits. See e.g., Liberty Life Assurance Co. V. Kennedy, 358 F.3d 1295, 1299 (11th Cir. 2004); Metro. Life Ins. Co. v. Kubichek, 83 Fed. Appx. 425 (3d Cir. 2003). However, "[c]ourts traditionally have refused to award costs and counsel fees to a stakeholder who is in some way culpable as regards the subject matter of the interpleader proceeding." United Bank of Denver, Nat'l. Ass'n. V. Oxford Props., Inc., 683 F. Supp 755, 757 (D. Col. 1988).

---

[2] The court recognizes the impropriety of raising a previously unasserted claim for relief in a response to a motion to dismiss. See FED. R. CIV. P. 15(A). Plaintiffs' amended complaint fails to request an injunction ordering defendants to provide accurate beneficiary information in plan account statements; thus, the court refrains from addressing plaintiffs' standing to raise the issue or the adequacy of redress under § 1132(a)(1)(B).

[3] The magistrate judge forecasted this action in his previous ruling wherein he held that "[i]n the event the court grants SAIC's Motion for Partial Dismissal, Plaintiffs' contention that SAIC should not be dismissed from the action would no longer be viable." (Order dated January 9, 2007).

7

SAIC satisfies the four factors required for an award of attorneys' fees and costs. SAIC was not responsible for the deviation from the ordinary interpleader sequence provided by Fed. R. Civ. P. 22. Plaintiffs' claim for breach of fiduciary duty having now been dismissed as a matter of law makes clear this case presents no extraordinary circumstance compelling a finding of SAIC's status to be more than a mere disinterested stakeholder. Accordingly, the court hereby exercises its discretion and awards attorneys' fees and costs from the funds deposited with the court's registry. See Id. at 756 (stating it is within the discretion of the court to award the stakeholder costs, including reasonable attorney's fees, out of the deposited funds).

## CONCLUSION

In accordance with the foregoing, defendants' motions for partial dismissal are GRANTED, and Count Two is dismissed for failure to state a claim upon which relief may be granted (DE ## 40, 43). Whereby Vanguard Group, Inc., Vanguard Fiduciary Trust Company, and SAIC have deposited the entirety of decedent's retirement funds with the court's registry, they are now DISMISSED from the action. SAIC's motion for attorneys' fees is GRANTED (DE # 26), and it is hereby ORDERED that SAIC shall file, not later than fourteen (14) days from date of entry of this order, a verified statement including an accounting of the reasonable costs and attorneys' fees incurred in this matter.

SO ORDERED, this the 27th day of September 2007.

LOUISE W. FLANAGAN
Chief United States District Judge