| | |
|---|---|
| JUDITH KOHLBACH FULTON as Administratrix of the Estate of Gregory Frederick Kohlbach, and GARY A. KOHLBACH, <br><br>Plaintiffs, <br><br>v. <br><br>MADELINE A HARRISON, <br><br>Defendant. | BRIEF IN SUPPORT OF AMENDED MOTION TO AMEND ANSWER AND COUNTERCLAIM[1] |

## NATURE OF THE CASE

This civil action was originally brought by Plaintiffs on July 6, 2006 in Wake County Superior Court. The Original Complaint contained state law claims for declaratory relief and breach of contract. The case was removed to this Court on August 8, 2006. Plaintiffs amended their Original Complaint by Motion to change the nature of their Complaint from state law claims to claims based upon the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001 *et. seq*. Defendant Harrison consented to Plaintiffs' proposed Amended Complaint on October 16, 2006. Discovery has only recently been commenced between the parties. This case is before the Court on Defendant Madeleine Harrison's Motion to Amend her Answer and Counterclaim.

## STATEMENT OF FACTS

Plaintiffs' Original Complaint filed on July 6, 2006, in North Carolina Superior Court, contained a claim for declaratory relief and breach of contract based upon state law. The

---

[1] Defendant Harrison's Original Motion to Amend her Answer and Counterclaim contained an error in the prayer for relief that was corrected upon the filing an Amended Motion to Amend the Answer and Counterclaim.

case was removed to this Court on August 8, 2006. Defendant Harrison filed an Answer and Counterclaim to the Original Complaint, along with a Motion to Dismiss on September 5, 2006. In response to Defendant Harrison's Motion to Dismiss, Plaintiffs filed a Motion to Amend the Original Complaint on September 25, 2006. In their Motion to Amend, Plaintiffs sought to change the nature of the claims against Defendant Harrison. Plaintiffs' proposed amendments sought to remove the state law contract claim and instead insert a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001 *et. seq.*, based on a federal common law waiver theory. Plaintiffs also sought to add an additional party defendant, the Vanguard Fiduciary Trust Company. Defendant Harrison consented to Plaintiffs' proposed Amended Complaint on October 16, 2006.

On November 15, 2006, the Court granted Plaintiffs' Motion to Amend the Original Complaint, and denied Defendant Harrison's Motion to Dismiss as moot. On November 16, 2006, Plaintiffs filed their Amended Complaint, and Defendant Harrison filed an Answer to the Amended Complaint along with a Counterclaim on December 18, 2006. Defendant Harrison's Answer to the Amended Complaint and Counterclaim (Docket Entry No. 47) is the subject of her current Motion to Amend.

On January 10, 2007, and April 17, 2007, the Court entered Orders directing former co-Defendants, Science Applications International Corporation, The Vanguard Group, Inc., and Vanguard Fiduciary Trust Company to deposit the retirement funds in dispute in this case with the Clerk of Court. On September 27, 2007, the Court granted the former co-Defendants' Motions to Dismiss, and they were removed from the case. On March 5, 2008, the Court entered an order requesting a discovery scheduling order and discovery conference. On March 11, 2008, the parties conducted a discovery scheduling conference, pursuant to FED. R.

CIV. P. 26(f). On March 17, 2008, the parties filed a proposed Joint Rule 26(f) Report with the Court. On March 27, 2008, counsel conducted an Initial Telephonic Pretrial Conference with the Court. On April 1, 2008, the Court entered the Case Management Order. The deadline for filing motions to amend pleadings is June 27, 2008.

On May 20, 2008, Plaintiffs served initial written discovery upon Defendant Harrison. Defendant Harrison has obtained an extension of time to respond to Plaintiffs' initial written discovery, up to and including July 22, 2008.

Defendant Harrison wishes to clarify her affirmative defenses and counterclaim beyond her Original Answer and Counterclaim (Docket No. 47) filed on December 18, 2006. Through her proposed amendments, she seeks to add additional language clarifying her equitable affirmative defenses under Eleventh Defense in the proposed Amended Answer and Counterclaim, additional language clarifying the equitable basis for her Counterclaim for the Benefits, and a claim for reimbursement of attorneys fees paid to Science Applications International Corporation in Orders dated September 27, 2007 and November 20, 2007. The time prescribed by the Case Management Order for filing motions to amend pleadings has not expired.

**ARGUMENT**

DEFENDANT HARRISON'S MOTION TO AMEND HER
ANSWER AND COUNTERCLAIM SHOULD BE GRANTED

The pertinent rule governing Defendant's Motion states:

A party may amend the party's pleading once as a matter of course
at any time before a responsive pleading is served or, if the
pleading is one to which no responsive pleading is permitted and
the action has not been placed on the trial calendar the party may
so amend it at any time within tithing 20 days after it is served.
<u>Otherwise a party may amend the party's pleading only by leave of</u>

> court or by written consent of the adverse party; and leave shall be
> freely given when justice so requires.

FED. R. CIV. P. 15(a)(emphasis added). In construing this rule, the Fourth Circuit has stated, "Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading shall be freely given when justice so requires. The Supreme Court has declared that this mandate is to be heeded. The law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.2d 231, 242 (4th Cir. 1999)(emphasis added). A leading treatise has commented that, "[a]lthough the ability to amend a pleading is not automatic and requires court approval, a district judge should freely grant leave to amend when justice requires, absent a substantial reason to deny. A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a). 3 *Moore's Federal Practice* § 15.14[1](Matthew Bender 3d ed.).

Defendant Harrison's Motion to Amend should be freely granted because there will be no prejudice to Plaintiff as a result of granting this Motion, the Motion has not been made in bad faith, and the amendment are not futile.

Despite the filing date of this action, it is still in the early stages. The parties have neither taken nor noticed depositions. Plaintiffs have served initial written discovery to Defendant Harrison, but her responses are not due until July 22, 2008. The parties currently have three months within which to complete their discovery, ample time given the nature of this case even with Defendant's proposed amendments. Merely adding an additional affirmative defense, clarifying the grounds for Defendant's counterclaim, and a conditional claim for the attorney's fees paid to SAIC, will not prejudice Plaintiff in any way.

This Motion has not been made in bad faith as it has been brought with the legitimate purpose of interposing a valid affirmative defense to Plaintiffs' claims and adding a claim for relief in Defendant Harrison's counterclaim. The Motion to Amend has been timely filed within the prescribed period in the Case Management Order. Further, Defendant Harrison's counsel has forecast the need for amendment to Plaintiff's counsel during prior discussions related to the Case Management Order. In addition, the subject matter to be raised by Defendant Harrison's equitable defenses is marital relationship between Gregor Kohlbach, the Decedent and Plan Participant, and Ms. Harrison. The topic of the marital relationship was included in the Joint Rule 26(f) Report submitted to the Court at Docket Number 72.

The amendments and additions to the Answer and Counterclaim will not delay this case, nor should they impose an unfair surprise on Plaintiffs or their counsel. However, to ensure no additional hardship for Plaintiffs, Defendant will fully disclose any additional information made relevant by her proposed Amended Answer and Counterclaim in the discovery previously served by Plaintiff, currently due July 22. Also, Defendant Harrison would agree to an extension of the current discovery period to the extent Plaintiffs feel they need additional time to inquire further into issues raised by the Defendant Harrison's amendments.

Finally, the proposed amendments to Defendant Harrison's Answer and Counterclaim are not futile. Defendant Harrison can introduce equitable claims and defenses in opposition to Plaintiffs' equitable claim of waiver. After considering whether "ERISA permits defendants to assert equitable, common-law defenses to plaintiffs' claims for benefits," the court in *United Mine Workers of Am. v. Panther Branch Coal Co.*, 2008 U.S. Dist. LEXIS 2301, *16 (S.D.W. Va. January 11, 2008), recently found in the affirmative. The court allowed defendants to assert equitable defenses, specifically the doctrine of "unclean hands," *Id*. at *13, after noting

that "several courts in other jurisdictions have held that federal common law allows for the assertion of equitable defenses in ERISA cases." *Id*. at *16 (citing various cases). Because Plaintiffs, in reliance upon *Estate of Altobelli v. International Business Machines Corp.*, 77 F.3d 78 (4th Cir. 1996), assert that federal common law controls in the present case, and Defendant Harrison has somehow waived her status as the primary beneficiary due to the divorce judgment, Defendant Harrison can also assert equitable claims and defenses.

In asserting equitable defenses in opposition to Plaintiffs' equitable claim of waiver, and in support of her Counterclaim, Defendant Harrison will ask the court to balance the equitable considerations for and against awarding the benefits either to herself or Plaintiffs. *See Fotta v. Trustees of United Mine Workers of Am. Health & Retirement Fund of 1974*, 165 F.3d 209, 214 (3d Cir. 1998) ("Because the remedy we recognize here is equitable in nature, its award involves an exercise of judicial discretion."); *Hopkins v. AT&T Global Info. Solutions Co.*, 105 F.3d 153, 157 (4th Cir. 1997) (deciding an ERISA claim not expressly addressed by statute in a manner that "not only [was] consistent with the overall framework of ERISA, but also balance[d] the competing interests" of the claimants). One district court balanced equitable considerations to determine which claimant was entitled to benefits under an ERISA-governed life insurance plan following the death of a plan participant, stating that "in some circumstances, there might be other equitable factors . . . that might be appropriate to consider in order to avoid a harsh result." *Forcier v. Forcier*, 406 F. Supp. 2d 132, 148 (D. Mass. 2005). In that case, both the district and appellate courts found consideration of the quality of the relationship between each of the claimants and the participant appropriate in determining which claimant was entitled to plan benefits after the participant's death. *See Forcier v. Forcier*, 469 F.3d 178, 186 (1st Cir. 2006); *Forcier*, 406 F. Supp. at 147.

Congruent with this case law, Defendant Harrison may introduce equitable considerations favoring her entitlement to benefits in opposition to Plaintiffs' equitable claim of waiver, thus the proposed amendment would not be futile. Defendant's Motion to Amend should therefore be allowed.

## CONCLUSION

Given the liberal rules of pleading, the pro-amendment construction of FED. R. CIV. P. 15(a) by the courts, and the early stage of discovery, Defendant Harrison's Motion to Amend her Answer and Counterclaim should be allowed. This Court should enter an Order permitting Defendant Harrison to file her Proposed Amended Answer and Counterclaim attached to her Motion.

This the 27 day of June, 2008.

TROUTMAN SANDERS LLP

By: /s/ Gavin B. Parsons
    Gavin B. Parsons
N.C. State Bar No. 28013
    D. Martin Warf
N.C. State Bar No. 32982
Attorneys for Defendant
Madeleine A. Harrison
P.O. Drawer 1389
Raleigh, North Carolina 27602
Telephone: (919) 835-4107
Facsimile: (919) 829-8715
gary.parsons@troutmansanders.com
gavin.parsons@troutmansanders.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Carlos E. Mahoney
Glenn, Mills, Fisher, & Mahoney P.A.
P.O. Drawer 3865
Durham, North Carolina 27702-3865
cmahoney@gmf-law.com

By: /s/ Gavin B. Parsons
    Gavin B. Parsons
N.C. State Bar No. 28013
TROUTMAN SANDERS LLP
P.O. Drawer 1389
Raleigh, North Carolina 27602
Telephone: (919) 835-4107
Facsimile: (919) 829-8715
gavin.parsons@troutmansanders.com